JOSEPH J. BOWMAN *versus* LEANDER D. HARDING.

The assignment of a bankrupt's estate, under § 14 of the U. S. Bankrupt Act of 1867, does not dissolve an attachment of his estate made more than four months prior to the commencement of his proceedings in bankruptcy.

When the officer's return shows that an attachment was made more than four months prior to the defendant's commencement of proceedings in bankruptcy, the plaintiff is entitled to a judgment to be satisfied out of the specific property returned upon the writ.

The record is conclusive, and it is not competent for him to show *ab extra* that the attachment has been dissolved.

ON REPORT.

ASSUMPSIT by an indorsee against the maker of a negotiable promissory note.

The writ is dated Aug. 27, 1867. It appears by the officer's return, dated Sept. 2, 1867, that he attached a horse, harness and three carriages, described and valued in the aggregate at the sum of $420, and that service was completed on the following day. The action was duly entered and continued from term to term until the March term, 1869, when the defendant pleaded his discharge in bank-

ruptcy, dated Feb. 24, 1869, wherein, —" It is ordered, that said Leander D. Harding be, and he hereby is, forever discharged of and from all debts and claims which by said Act are made proveable against his estate, and which existed on the twenty-sixth day of February, A. D. 1868, on which day the petition for adjudication was filed."

There was evidence tending to show that the officer did not take the property returned as attached out of the defendant's possession; that the defendant got a receiptor at the suggestion of the officer, and retained possession of the property; that the defendant had other horses which he selected as exempt from attachment; that the receiptor was accepted by the officer; and that the receiptor never attempted to control the property, and ever had possession of it. A copy of the receipt was put into the case.

If, upon so much of the testimony as was admissible, the plaintiff would be entitled to a special judgment for the property attached, the action was to stand for trial.

*S. D. Lindsey*, for the plaintiff.

*J. H. Webster*, for the defendant.

U. S. Bankrupt Act of 1867, § 14, saves the lien only by implication. The discharge releases the bankrupt from all " debts, claims, liabilities and demands which were, or might have been proved against his estate." No other limitation by positive provision or by implication in the Act. The discharge is a judgment of a Court having jurisdiction, and cannot be impeached collaterally. *Potter* v. *Webb*, 2 Maine, 257; *Pierce* v. *Irish*, 31 Maine, 254; *Clark* v. *Pishon*, 31 Maine, 503; *Thompson* v. *Tolmie*, 2 Peters, 157. No judgment can now be rendered against the defendant, the basis of which is a " claim or demand" from which he has been " released."

The object of the Act is to put all creditors upon the same level. Sections 14 and 35 should be made to harmonize, and they reconciled with the general scope of the Act. There are several classes of cases in which actions

may be prosecuted to final judgment, notwithstanding the discharge. If attachment be made more than four months prior to proceedings in bankruptcy, in one of the excepted cases, it might be saved by the implication in § 14. By limiting the implication to that class of cases not barred by the discharge, full effect would be given to § 14, and it would harmonize with § 34.

APPLETON, C. J.—By the bankrupt law of 1867, c. 176, § 14, it is provided that, as soon as an assignee is appointed and qualified, "the Judge, or, when there is no opposing interest, the register shall, by instrument under his hand, assign and convey to the assignee all the estate, real and personal, of the bankrupt, with all his deeds, books, and papers relating thereto; and such assignment shall relate back to the commencement of said proceedings in bankruptcy, and thereupon, by operation of law, the title to all such property and estate, both real and personal, shall vest in said assignee, although the same is then attached on *mesne process* as the property of the debtor, and shall dissolve any such attachment made within four months next preceding the commencement of said proceedings."

"Any such attachment" is one made within four months next preceding the commencement of proceedings in bankruptcy. It is dissolved by virtue of § 14, but no other and earlier attachment is thereby dissolved. Not being dissolved, it remains in full force. The attachments within four months being dissolved, the property attached vests in the assignee. When the attachments are made prior to that time, the debtor's title to the property attached passes to the assignee, subject to the creditor's lien acquired by virtue of such attachment.

In the present case the lien is not dissolved by the attachment. The plaintiff therefore claims that judgment be rendered against the property attached. *Kittridge* v. *Warren*, 14 N. H., 509; *Peck* v. *Jenness*, 7 How., 612.

But it is urged that there was no valid attachment, or if

there was one, it has been dissolved by the act of the officer, and the defendant claims to show those facts by proofs *ab extra*. But this cannot be done. The officer is bound by his return. That shows an attachment and consequently a lien upon the property attached. The plaintiff is entitled to the judgment against the property thus shown to be attached. If this property is destroyed or the attachment dissolved in any way without fault on the part of the officer, those questions are to be hereafter determined. In the present position of the case they are not before us for adjudication.

The return of the officer shows an attachment and consequently a lien upon the property attached. The plaintiff is entitled upon the record to a judgment against the specific property returned upon the writ. Whether there was an attachment or whether, being one, it has been dissolved, are questions which we are not now called upon to decide.

*The action to stand for trial.*

KENT, WALTON, BARROWS, DANFORTH and TAPLEY, JJ., concurred.