### JOSIAH W. TUESLEY *vs.* LEWIS O. ROBINSON.

A debtor gave a mortgage of his household furniture, fraudulent as against his creditors, but good between the parties; and then went into bankruptcy. The portion of the furniture exempt under the bankrupt act of 1867, c. 176, § 14, from being taken by the creditors was separated from the rest of it under an agreement to which the mortgagee was a party, and duly set off to the bankrupt by the assignee; the mortgage was decreed by the district court of the United States invalid as against the creditors; and the proceeds of all the rest of the furniture (which was sold under said agreement) were realized by the assignee. In the bankruptcy proceedings, the mortgagee never proved his debt, and the mortgagor received his discharge. *Held*, that the mortgagee might replevy from the mortgagor the furniture set off to him.

REPLEVIN of household furniture. Writ dated July 15, 1869. The case was submitted to the judgment of the court on a statement of facts in which it was agreed that the defendant, who kept a boarding-house, gave the plaintiff, on May 5, 1868, a mortgage of all his household furniture, including the articles replevied in this action; that the condition of the mortgage was broken; and that the plaintiff was entitled to recover, unless the following facts constituted a good defence :

The value of all the furniture covered by the mortgage was more than $1000. On June 24, 1868, the defendant filed his petition for the benefit of the bankrupt act (U. S. St. 1867, c. 176) in the district court of the United States for the district of Massachusetts, and on June 27 was adjudged a bankrupt. On July 2, 1868, his creditors entered into an agreement with the plaintiff as mortgagee, which, after reciting the proceedings in bankruptcy to that date, set forth that, whereas the mortgagee claimed to hold, by virtue of said mortgage, the furniture of the bankrupt, and the creditors proposed to contest the validity of the mortgage, and to prevent expense and delay it was desirable that the property, or so much of it as was not exempt from being taken by creditors, should be converted into money

before the appointment of an assignee, and the proceeds held subject to the relative rights of the mortgagee and the creditors, in the stead of the property itself, therefore it was agreed that, in event of a breach of the condition of the mortgage, the mortgagee should sell all said property, "except so much as may be left in the possession of the bankrupt as hereinafter provided," and hold the proceeds "subject to the same disposition of the court as the property itself would be," and it was provided that he might "leave in the possession of the bankrupt such part of the goods covered by the mortgage as are exempt from being taken by the creditors." Under this agreement the plaintiff, as mortgagee, took possession of all the furniture included in the mortgage, and sold it, except those articles which were replevied in this action, which articles he left in the defendant's possession. On November 2, 1868, the assignee of the defendant's estate in bankruptcy commenced proceedings in the district court to avoid the mortgage as fraudulent against the creditors of the bankrupt; in which proceedings that court passed a decree on May 12, 1869, declaring the mortgage "invalid as against the creditors of said bankrupt," and requiring the mortgagee to pay over to the assignee the proceeds of the property sold by him, in conformity with the agreement of July 2, 1868; and the plaintiff thereupon paid over those proceeds to the assignee. But the part of the furniture which the plaintiff did not take and sell, and which is the subject of this action, being of "the estimated value of $500, was designated and set apart out of the whole goods, by the assignee, as exempt under the bankrupt act." The plaintiff never proved in bankruptcy his mortgage debt, or any part of it. "The proceedings in bankruptcy were regular and in due form, and the defendant is entitled to a discharge, and for the purposes of this case may be treated as if discharged under said bankrupt act."

C. G. Keyes, for the plaintiff.

C. W. Storey, for the defendant.

GRAY, J. The mortgage, though fraudulent and void as against creditors, was good as between the parties. So much of the mortgaged property as is claimed in this action was

household furniture of the debtor, exempt by law from being taken by his creditors; was separated from the rest of the property by agreement between the debtor and his creditors, and duly set apart by the assignee as excepted from the operation of the bankrupt act; and the assignee had no interest therein, or authority to call in question the validity of the transfer thereof from the debtor to the plaintiff. U. S. St. 1867, *c.* 176, § 14. *Rayner* v. *Whicher*, 6 Allen, 292. *Mannan* v. *Merritt*, 11 Allen, 582. The decree of the district court of the United States, declaring the mortgage fraudulent as against creditors, did not affect its validity as between the parties, or its operation upon property in which the creditors had no rights. The mortgagee has done nothing, by proof of his debt in bankruptcy, or otherwise, to waive his mortgage; and his right to hold the property as security for his debt cannot be affected by the debtor's discharge in bankruptcy.                    *Judgment for the plaintiff.*