\* SYLVESTER S. STODDARD v. JAMES L. LOCKE AND OTHERS.

*Bankruptcy. Discharge. Judgment in rem. Trustee Process.*

A discharge in bankruptcy will not prevent a creditor of the bankrupt, who obtained a lien upon a fund by trustee attachment more than four months prior to the commencement of proceedings in bankruptcy, from taking a decree *in rem* against the said fund.

BILL IN CHANCERY. The case was heard at the September term, 1869, BARRETT, Chancellor, upon bill, answers, and evidence, and a plea of discharge in bankruptcy, and stipulation thereto by the orator ; whereupon it was ordered by the court that the bill be dismissed with costs. Appeal by the orator. The case is fully stated in the opinion of the court.

*C. B. Eddy,* for the orator.

*Waterman & Read,* for the defendants.

The opinion of the court was delivered by
STEELE, J. I. The material facts in this case are as follows : In 1864 the orator recovered judgment against the defendant, James L. Locke, for $635.77 and costs. This judgment has never been paid. The orator, in June, 1865, sued the judgment, and summoned, as Locke's trustees, Charles R. Brown, John E. Butler, and William H. Carr. The fund which the orator sought to attach and hold by that trustee process arose from a certain note of about $650, in favor of Locke's wife, against said Brown. This note, the orator insisted, and in this upon trial he proves correct, was in fact Locke's property and not the property of his wife. At the time the trustee process was served, the note was in Butler's hands, and he had commenced a suit against Brown upon it in his own name, and had attached a quantity of Brown's personal property, which property had been sold, according to the statute, upon the writ before judgment, by said Carr, a deputy sheriff, and the funds arising from the sale, about $650, were in

Carr's hands at the time the trustee process was served, and no judgment had been rendered in favor of Butler. The orator brought this bill in equity in aid of his suit at law, at the September term, 1867. Butler, by leave of the court of chancery, took judgment in his suit on the note, against Brown, but the fund arising from said sale was at the same time transferred to the court of chancery, and invested under the direction of that court, to be ultimately disposed of according to the liens and rights of the respective parties. It turns out that Butler had such an interest in the note as to entitle his administrator to hold all of said fund except $400 and interest since October 1st, 1869. For this $400 and interest the orator would be entitled to a decree so far as any facts are concerned which existed at the time the trustee process was served, in June, 1865. It appears, however, that in September, 1867, the said Locke commenced proceedings in the United States district court, which resulted in his receiving, on the third day of November, 1868, a certificate of discharge in bankruptcy from all debts and claims provable against his estate, and which existed on the thirteenth day of September, A. D. 1867, on which day the petition for adjudication was filed by him, except such debts, if any, as by said act are excepted from the operation of a discharge in bankruptcy. This discharge Locke, on the ninth of September, 1869, pleaded in bar of the relief sought by the orator in his bill. The orator thereupon filed his written proposal to take a decree only against said note or its avails, and not against any other property, nor against the person of said Locke.

II. The question left for adjudication is, whether the discharge in bankruptcy will prevent the orator taking a decree *in rem* against the said fund upon which he obtained a lien by trustee attachment more than four months prior to the commencement of the proceedings in bankruptcy. By the fourteenth section of the bankrupt act of 1867, it is provided that the assignment shall dissolve any attachment on *mesne process* " made within four months next preceding the commencement of said proceedings." The irresistible inference is, that it does not dissolve such attachments when made more than four months prior to the institution of the proceedings. This construction is aided by the provision of the

twentieth section, recognizing the validity of "liens" upon the bankrupt's estate for securing the payment of a debt. Especially is this so when we remember that this act was passed in view of the decisions upon the bankrupt act of 1841, under which it was conclusively settled in the supreme court of the United States, after a somewhat famous controversy, in which Judge PARKER and the supreme court of New Hampshire of the one part, and Judge STORY of the other, held opposing views, that an attachment upon *mesne process* was a *lien,* and *such a lien* as could be enforced in a state court, notwithstanding the bankruptcy proceedings, by a qualified judgment, limited in its operation to the property attached, and not to be enforced against the other property, or the person of the bankrupt. *Peck* v. *Jenness,* 7 Howard, 612, (17 Curtis, 320) ; *Kittredge* v. *Warren,* 14 N. H., 509 ; *Kittredge* v. *Emerson,* 15 N. H., 227 ; *Ex parte Reed,* 21 Vt., 635. But see *ex parte Bellows,* 3 Story, 428. There would seem to be no sound reason why a qualified judgment or decree by the state court, to enforce the lien created by the attachment, should be more objectionable under this act than it was under the act of 1841. By the provision of both acts, the general property in the estate attached passes to the assignee subject to the attachment. By the provision of both acts the discharge in bankruptcy protects the bankrupt's person, and other property not under a lien, from molestation on account of prior debts. The decree asked for in this case is simply a decree against the property, to make available the lien upon it created by the state law and recognized by the act of Congres as valid. The other sections of the statute should not be so construed as to prevent the enforcement of a lien which the fourteenth section expressly permits. *Bates* v. *Tappan,* 99 Mass., 376.

The decree is for the orator to have and receive out of the said fund the sum of $400 and interest which may have accrued thereon since October 1st, 1869. This decree not to be enforced against the person or other property of the defendant James L. Locke. The remainder of said fund to be disposed of according to the stipulation of the parties.