## Hatch v. Seeley.

1. **Bankruptcy proceedings: ATTACHMENT LIEN.** An attachment issued from a State court and levied within four months next preceding the institution of bankruptcy proceedings will be dissolved.

2. —— *Aliter*, if the attachment was levied more than four months prior to the filing of the petition in bankruptcy; and the lien may be enforced by any appropriate proceeding not involving a judgment *in personam* against the bankrupt, even though a discharge has been granted and is pleaded in bar.

Hatch v. Seeley.

3. —— WAIVER OF LIEN. A creditor who, having a lien upon the property of the bankrupt by judgment, attachment or garnishment, files his claim and the same is proven up as a general claim before the register in bankruptcy, will not be held thereby to have waived his lien if he disclosed the same when proving up his claim; and in the absence of a showing it will not be presumed that he concealed the fact.

*Appeal from Harrison District Court.*

THURSDAY, DECEMBER 4.

PLAINTIFF brought this action August 1, 1871, upon a certified copy of a judgment rendered in the State of Indiana. The petition was sworn to, and prayed the issuing of a writ of attachment, which was accordingly issued on the same day. On the 4th of August, 1871, G. H. Smith and S. R. Filkins were attached as garnishees of the defendant, and on the 30th day of September, 1871, the writ of attachment was levied upon certain real estate of the defendant.

The defendant, on the 29th of January, 1873, answered that, on the 19th day of December, 1871, he had filed a petition in bankruptcy, was adjudged a bankrupt, and, on the 25th day of July, 1872, he was discharged from all debts provable against his estate.

The cause was tried by the court without a jury, and judgment rendered for the plaintiff for the proceeds of the attached property, and also against the garnishees. The defendant appeals.

*G. R. Zuver* for the appellant.

*Sapp, Lyman & Hanna* for the appellee.

MILLER, J. — No personal judgment was rendered against appellant. The court, however, ruled that the proceedings in bankruptcy did not affect the lien of the writ of attachment, which had been levied on defendant's property prior to the filing of his petition in bankruptcy.

The fourteenth section of the National Bankrupt Act provides: "That as soon as said assignee is appointed and quali-

fied, the judge, or where there is no opposing interest, the register, shall, by an instrument under his hand, assign and convey to the assignee all the estate, real and personal, of the bankrupt, with all his deeds, books and papers relating thereto, and such assignment shall relate back to the commencement of said proceedings in bankruptcy, and thereupon, by operation of law, the title to all such property and estate, both real and personal, shall vest in said assignee, *although the same is then attached on mesne process as the property of the debtor, and shall dissolve any such attachment made within four months next preceding the commencement of said proceedings.*" U. S. Statutes at Large, vol. 14, p. 522.

When an adjudication of bankruptcy is made, following the filing of a petition, it is then judicially established that the filing of such petition was the commencement of the bankruptcy proceedings. *In re Patterson*, Bankrupt Reg. Sup. to vol. 1, p. 27. The filing of the petition, followed by an adjudication of bankruptcy, being the commencement of the proceedings, the provision of the bankrupt act, above set out, is to the effect that the conveyance to the assignee in bankruptcy, which is made during the proceedings, operates, not only to vest in such assignee all the estate, real and personal, of the bankrupt, but also to dissolve any attachment upon such property made within four months next preceding the filing of the petition.

*In re C. H. Preston*, 6 Nat. Bk. Reg. 545, an attachment from a State court levied Feb. 20, 1871, was held dissolved from the filing of the petition on the 18th day of March, 1871, an order of adjudication being subsequently granted.

In *Corner* v. *Mallory*, 31 Med. 478, it is held that congress has the power, by the operation of the general bankrupt law, to divest the conditional lien acquired by the levy of an attachment, that the fourteenth section, above quoted, was intended to fix a period within which no preference should be gained by one creditor, by attachment, over the claims of the other creditors of the bankrupt, and that an attachment made after the passage of the act and within four months next preceding

the commencement of proceedings in bankruptcy was dissolved thereby.

As holding the same doctrine, see also *In re Housberger et al.*, 2 Bk. Reg. 33; *In re Williams*, 3 id. 29; *In re Joslyn et al.*, id. 118; *Stuart* v. *Hines & Eames*, 33 Iowa, 60, and cases there cited; *In re Brand*, 3 Bk. Reg. 85, 86.

But an attachment made prior to the period of four months next preceding the commencement of proceedings in bankruptcy is not dissolved by such proceedings. The attachment in such case remains in full force. The lien of the attachment may be enforced by any appropriate proceedings which do not involve a judgment *in personam* against the bankrupt. A judgment to be enforced only against the property thus attached may be entered, even though a discharge has been granted and is pleaded in bar of the action, as in this case. *Bates* v. *Tappan*, 3 Bk. Reg. 159; S. C., 99 Mass. 376; *Bowman* v. *Harding*, 56 Me. 559; *Samson* v. *Burton et al.*, 4 Bk. Reg. 1; *Leighton* v. *Kelsey et al.*, 57 Me.

The attachment of the land in controversy in this case, according to the statements of both parties, was made within four months next preceding the commencement of the proceedings in bankruptcy, although the writ issued prior to that time. The proceedings in bankruptcy operated therefore to dissolve the attachment so far as the same was a lien on the real property attached. The attachment of the garnishees, however, was made prior to the period of four months next preceding the commencement of the proceedings in bankruptcy, and the lien thus created was not removed nor the attachment thus made dissolved by those proceedings.

It is insisted, however, that the plaintiff appearing before the court in bankuptcy, and proving up his claim as a general creditor of the bankrupt, thereby waived his lien and right to proceed in this action.

*In re Bloss*, 4 Bankrupt Reg. 37, which was a case in the United States circuit in Michigan, it was held that a creditor who has a lien upon the property of his debtor by virtue of a

judgment, execution and levy, or by garnishment, who files a petition for adjudication of bankruptcy against the debtor, without reference to such lien or security, thereby waives and relinquishes the same and stands before the court as an unsecured creditor. And in *Stewart* v. *Isador et al.*, 1 Bk. Reg. 129, 130, it was held that under section 21 of the bankrupt law, if a creditor prove his full claim without reference to his lien or security, and without apprising the bankrupt court of its existence, such an act is a waiver of the lien and a relinquishment of the security to the assignee. It is there said that "Otherwise the creditor, besides realizing on the collateral, might receive a dividend upon his entire debt, and thus reduce the dividend to which the other creditors would be entitled, in case his debt had been placed upon a proper footing." *In re Grand*, 3 Bk. Reg., however, it was held that where a creditor filed proof of his claim before the register in bankruptcy, stating that it was secured by trust deed, he did not thereby waive his lien. The view taken by the learned judge in that case was, that under the 20th and 21st sections of the bankrupt act, before the creditor could be admitted to prove his debt as a general creditor, he should have released and conveyed his lien to the assignee, that such release was essential to the waiver of his lien, and that without such release the claim should be disregarded by the bankrupt court. The learned judge distinguishes the case from *Stewart* v. *Isador, supra,* in which case the decision turned upon the point that the creditor proved his claim in the bankrupt court and *failed to disclose the fact that it was secured,* which would work a fraud on the other creditors if he was allowed to receive a dividend on his entire claim, and still retain his security.

In the case before us the stipulation of the parties is that the plaintiff's claim " was proven up in bankruptcy court as a general claim." There is no evidence that he *released his lien* to the assignee, or that he failed to disclose the fact that he held any security for the claim. Under this state of the evidence we are of opinion that plaintiff's lien was not waived.

If he disclosed his lien but made no release of it to the assignee, his claim could not be received by the register in bankruptcy and must be treated as rejected by him; and in the absence of evidence we will not presume that the plaintiff fraudulently concealed the fact of his lien when proving his claim before the register.

The judgment of the court below adjudging to the plaintiff the proceeds of the land attached will be reversed.

As to the judgment against the garnishees it is

Affirmed.