---

PEASLEE (ROSS v.). See Case No. 12,077.

PEASLEE (WARREN v.). See Case No. 17,-198.

PEASLEE (YZNAGA v.). See Case No. 18,-196.

PEAY (SCHENCK v.). See Cases Nos. 12,-450 and 12,451.

PECHOLIER (LATAPEE v.). See Case No. 8,101.

---

## Case No. 10,885.

### Ex parte PECK.

[3 Blatchf. 113.] [1]

Circuit Court, S. D. New York. Dec., 1853.

WITNESS—EXAMINATION BEFORE COMMISSIONER—ATTACHMENT FOR CONTEMPT—GROUNDS.

1. On a motion for an attachment against a witness, for refusing to answer a question put to him on his examination de bene esse, before a United States commissioner, on a subpœna duces tecum, as a witness in a suit pending in another district. under section 30 of the act of September 24, 1789 (1 Stat. 88), it must be shown that the commissioner has jurisdiction in the matter, and that the witness resides more than 100 miles from the place of trial of the action, and that the matter in regard to which the witness refuses to testify is material and relevant to the issue in the case.

[Cited in U. S. v. Tilden, Case No. 16,522; Re Allis, 44 Fed. 217.]

[Cited in Wyatt v. People (Colo. Sup.) 28 Pac. 964.]

2. Where it appears that the subpœna for the attendance of the witness before the commissioner was issued without any preliminary evidence having been given before him showing the case to be one in which a de bene esse examination could be lawfully had. the want of such proof will be a vital objection to the issuing of an attachment.

3. Although, on the trial of a case, a witness may be compelled, by subpœna, to produce. under oath, papers within his control. which are proved to be material to the questions in issue, yet congress has provided a different mode for enabling the parties to a suit to obtain papers which are in the possession of a third person, and it is doubtful whether that object can be legally effected by the de bene esse examination of a witness out of court.

[Cited in U. S. v. Tilden, Case No. 16,522.]

This was a motion for an attachment against Elisha Peck, for an alleged contempt in refusing to answer questions put to him on his examination de bene esse, before a United States commissioner in New York, on a subpœna duces tecum, as a witness in a suit pending in the circuit court of the United States for the district of Connecticut.

---

[1] [Reported by Samuel Blatchford, Esq., and here reprinted by permission.]

William Fullerton. for the motion.

---

## Case No. 10,886.

### In re PECK.

[9 Ben. 169; [1] 16 N. B. R. 43.]

District Court, D. Vermont. May 24, 1877.

PROOF OF DEBT—SECURED CLAIM—TRUSTEE PROCESS—LIEN.

Where a claim proved against a bankrupt's estate was contended against by the assignee, as a claim not to be considered secured by reason of an attachment by trustee process, served upon the bankrupt as trustee, more than four months before his petition was filed: Held, that such an

---

[1] [Reported by Robert D. Benedict. Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

attachment being created a lien under the laws of Vermont, upon the funds in the hands of the trustee, although without notice to the principal debtor. is a lien under mesne process, and is saved by the bankrupt law [of 1867 (14 Stat. 517)].

By JOHN L. EDWARDS, Register:

2 [To the Honorable District Court within and for the District of Vermont: The undersigned register begs leave to report that on the 8th day of October, A. D. 1875, Horatio S. Loomis of Montpelier, in the county of Washington, administrator of Roswell R. Keith, late of said Montpelier, deceased, took out his writ of attachment in due form of law against the said J. Q. A. Peck as principal debtor, and therein summoning Alonzo T. Keith of said Montpelier, as trustee of the said J. Q. A. Peck, and said writ was dated on said 8th day of October, and made returnable to the county court then next to be holden at Montpelier, in the county of Washington on the second Tuesday of March, A. D. 1876, and in said writ the plaintiff declared specially upon three promissory notes—one for six hundred and sixty-one dollars and fifty-four cents, dated March 8, 1864, on demand and interest annually; one for one thousand four hundred and thirty-four dollars and forty-two cents, dated May 31, 1873, on demand and interest annually; and one for four thousand three hundred and thirty-five dollars, dated March 17, 1864, on demand and interest annually. On which first-named note was indorsed March 14, 1870, twenty-five dollars, and said last described note was indorsed May 15, 1866, seventy-nine dollars and ninety-seven cents, also September 1, 1874, the sum of three thousand one hundred and fifty dollars and five cents. The plaintiff also declared in a count in general assumpsit, and demanding in damages nine thousand dollars. Said writ was duly signed by Luther Newcomb, clerk of said county court, and directed to any sheriff or constable in the state. And afterwards on said 8th day of October, the said plaintiff delivered said writ to D. W. Dudley, deputy sheriff within and for the county of Washington, to serve and return as the law requires. And said Dudley, as such deputy sheriff, on the 9th day of October, 1875, served the same writ on the said A. T. Keith, trustee, by delivering to him a true and attested copy of said writ with his, the said Dudley's return thereon, and on the second day of March, 1876. the said Dudley, as such deputy sheriff, made further service of said writ on the said J. Q. A. Peck. by attaching as his property one chip, and on the same day delivered to him. the said J. Q. A. Peck, a true and attested copy of the original writ with his, the said Dudley's return indorsed thereon. And for greater particularity a copy of said writ and officer's return thereon is hereto attached and made a part of this report and marked "A." Said writ was duly returned to the term of court when and

where it was made returnable, and said cause was duly entered upon the docket of said court and continued from term to term of said court, and is now pending in said court. The trustee appeared in said court and filed his disclosure, a copy of which is hereto attached and marked "B." On the 29th day of June, A. D. 1876, the said J. Q. A. Peck filed his petition in bankruptcy, in the district court of the United States, and was thereafterwards on the same day duly adjudged a bankrupt, and said petition having been duly referred to a register, a first meeting of creditors was held on the 28th day of July, 1876, at which Joel Foster, Jr., was duly elected assignee of said bankrupt's estate, and said election was thereupon confirmed by the district court. On the 28th of July, 1876, the said Horatio S. Loomis, as administrator as aforesaid, proved said three promissory notes in said bankruptcy at the sum of eight thousand and fifty-nine dollars and fifty-three cents, and claiming in said proof that said three notes were secured by said trustee process, so served upon said trustee as aforesaid. The assignee claiming that said proof should be modified so as to stand as a proof without security, and having made application to the undersigned register to hear and determine that matter, due notice was given said assignee and the said H. S. Loomis that said register would hear such matter at the office of Fifield, Pilkin & Porter in Montpelier, in the county of Washington, on the 8th day of March, 1877, at 10 o'clock a. m. At which time and place the said H. S. Loomis, as administrator as aforesaid, appeared before me with his counsel, Charles H. Heath and Homer W. Heaton, and the said Joel Foster, Jr., also appeared by himself and his counsel, C. W. Porter, when a full hearing was had touching the modification of said proof.

[From the evidence submitted to him the register finds the foregoing facts and that there is a large sum due from the said Alonzo T. Keith to the said J. Q. A. Peck, which said Keith holds as trustee of said Peck, precisely how much did not appear from the evidence. The said H. S. Loomis, as administrator as aforesaid, claimed that said proof should stand as made, and that he hold a lien upon the funds in the hands of the said Alonzo T. Keith by virtue of the service of said trustee process upon him more than four months before the filing of said petition in bankruptcy. It was claimed on the part of the assignee that no lien attached to said funds in the said Alonzo T. Keith's hands for the reason that said trustee's writ was not served upon the said J. Q. A. Peck till within four months next before the filing of said petition in bankruptcy. I find that the said J. Q. A. Peck had no knowledge of said trustee process whatever, till said writ was served upon him as above stated on the second day of March. A. D. 1876, and for this reason it was also claimed that no lien was created.

From the foregoing facts the register decides that said proof ought not to be modified and that it stand as a secured claim as proved.

[The register would recommend, if the court sustain the ruling of the register, that the parties be ordered to proceed in the county court, where said cause is pending, and ascertain by the judgment of that court the amount due from the said A. T. Keith to the said J. Q. A. Peck, embraced in said suit, provided this can be done so as not to cause an unreasonable delay in settling the estate of the bankrupt in the district court. So that if there is more due from the said A. T. Keith than sufficient to liquidate the plaintiff's claim in that suit, the balance may be available to the assignee in the bankrupt's estate.

[All which is respectfully submitted.] [2]

[By JOHN L. EDWARDS, Register:

[Since said report was recommitted to me, such proceedings have been had in the county court in Washington county, where said cause is pending, that the amount in the hands of the trustee has been fixed upon, and that amount it is agreed by counsel is four thousand three hundred and sixteen dollars and three cents, less trustee's costs, taxed and allowed at nine dollars and five cents, leaving in the hands of said trustee on which said lien is claimed four thousand three hundred and six dollars and ninety-eight cents. All which is respectfully submitted.]

Chas. H. Heath and H. W. Heaton, for creditor.

C. W. Porter, for assignee.

WHEELER, District Judge. With reference to the question certified in this cause by the register, it seems that the bankrupt act expressly saves liens by attachment on mesne process, made the prescribed length of time before proceedings in bankruptcy, from being dissolved by them. The attachment of a debt by trustee process in this state creates a lien that is so saved. Stoddard v. Locke, 43 Vt. 574. That has not been questioned in argument here, but it is insisted that to perfect the lien so that the time would begin to run, there should be service upon or at least actual notice to the principal debtor. But this is governed by a positive provision of the law that applies exactly to the cases described in it and to no others, and leaves no room for construction. The state law under which the lien is created does not require service on nor notice to the defendant in the process, to have the lien attach. Service on the trustee is sufficient for that, if the subsequent proceedings are followed out to judgment. After service on the trustee the lien on the funds in his hands exists and is valid, unless there is some lapse in the proceedings that discharges him from them. This lien is a lien by attachment on mesne process

from the beginning and falls within the description of those saved by the bankrupt act; and the holder of it appears to be entitled to have it saved under the act. Such an attachment is of itself a sort of constructive notice to the defendant, the same as an attachment of chattels is. For by looking after his debt he would find that attached in the hand of his debtor, as by looking after his chattels he would find them attached in the custody of the officer.

For these reasons this court is of the opinion that the decision of the register is correct.