# CHARLESTOWN.

GIBBS v. LOGAN et al.

Submitted June 18, 1883—Decided September 29, 1883.

1. A conveyance of land made by a debtor in fraud of his creditors, while void as to his creditors is, nevertheless, valid and effectual as to him ; therefore, where such debtor, after such conveyance, becomes a bankrupt, he cannot claim any exemption in the land so conveyed and have it set apart to him as a homestead under the bankrupt law. By attempting to place the land beyond the reach of his creditors he effectually placed it beyond his own reach. (p. 210.)

2. The bankrupt statute—U. S. Rev. Stat., sec. 5044—does not vacate the lien of an attachment acquired more than four months prior to the commencement of proceedings in bankruptcy ; nor does it prevent the attachment creditor from prosecuting his claim to judgment in the State court and availing himself of the attachment to obtain satisfaction of his debt out of the attached property. (p. 211.)

3. Under the statutes of this State, no one but a resident of the State is entitled to a homestead exemption; consequently, a resident of the State of Virginia, who was declared a bankrupt by a district court of the United States sitting in that State, cannot hold land situated in this State as a homestead under the homestead statutes of Virginia and have it exempted from his debts in a suit by his creditors in the courts of this State, although such land had been set apart to such debtor as a homestead by his assignee in bankruptcy in Virginia and such assignment confirmed by the bankrupt court in that State.   (p. 213.)

The facts of the case are stated in the opinion of the Court.

*C. J. P. Cresap* for appellants.

*Thomas D. Houston* for appellee.

SNYDER, JUDGE: .

James E. A. Gibbs, on March 31, 1877, filed his bill in the circuit court of Randolph county against William E. Logan and others alleging therein that the said William E. Logan was indebted to him nine hundred and ninety-six dollars and forty-two cents with interest thereon from June 1, 1876, being the amount of a decree rendered in his favor, on November 17, 1876, by the circuit court of Augusta county in the State of Virginia; that said Logan was a non-resident of this State, but was the owner of certain described lands situate in said Randolph county; that by deed, dated May 26, 1876, he conveyed said lands or the most valuable part thereof to his father-in-law, John W. Moore, and the said Moore a short time thereafter by deed conveyed said lands to the wife of said Logan; that both of said deeds were made without any valuable consideration and were intended to hinder, delay and defraud the creditors of said Logan and especially the plaintiff; and praying that said conveyances be declared void as to his said debt and the said lands be subjected to the payment of the same.   At the same time the plaintiff sued out an attachment which was on the said 31st day of March, 1877, and on the 24th day of April, 1877, levied on said lands.   In November, 1879, the said Logan filed his answer to said bill admitting the said indebtedness, but averring that the said lands were not liable for the payment thereof for the reason that they had been *bona fide* con-

veyed from him, and also, because he was a citizen of the State of Virginia and as such he had, on August 21, 1878, upon his own petition been declared a bankrupt by the district court of the United States for the western district of said State, and that his assignee in bankruptcy had assigned and set apart to him the whole of said lands, including the part conveyed by him to Moore and by Moore to his wife, in the event said conveyances should be for any cause held invalid, as and for his homestead under the exemption laws of Virginia and the act of Congress.

It was fully shown by the evidence in the cause that the said deeds from Logan to Moore and from Moore to Logan's wife were without consideration and fraudulent and void as to the plaintiff's debt. The other facts were shown to be as stated in the bill and answer aforesaid. On the 20th day of May, 1880, the said court by its decree set aside the said deeds as fraudulent and void against the plaintiff's debt, and ordered the said lands to be sold to pay said debt and costs. From this decree the defendant Logan appealed to this Court.

The sole question presented by the record is whether or not the court erred in denying to the appellant the benefit of the homestead assigned to him in the bankruptcy proceedings as exempt by the laws of Virginia from liability for his debts? The appellant insists that the court erroneously held that his right to said homestead originated in and proceeded from his proceedings in bankruptcy, which were commenced subsequent to the levy of the plaintiff's attachment, when in fact the said homestead was secured to him under the constitution of Virginia of 1869 and the bankrupt statute, sec. 5045 of the Rev. Stat. of U. S., and that his right to said homestead could not be taken away or destroyed by any subsequent judgment, decree or attachment lien for debts contracted after the adoption of said constitution of Virginia in 1869. This is the only ground of error complained of by the appellant in this Court.

The facts show that the appellant, more than two years before he filed his petition in bankruptcy, had conveyed away the greater part of said lands; and while this conveyance was voluntary and therefore ineffectual as against his

creditors, it was nevertheless valid and operative as to him. It entirely divested him of both the legal and equitable title. After said conveyance he had no interest whatever in the land thus conveyed. Nor could he by any proceeding in law or equity reclaim the title or any interest in the land. The said conveyance being absolute and conclusive as to him, he could have no more right to a homestead in the land so conveyed than if he had never owned it. And for this reason it has been held, "that a bankrupt cannot claim any exemption in property conveyed by him prior to the commencement of proceedings in bankruptcy in fraud of creditors, and afterwards revested in the estate. The sale is good as against him, and in attempting to place his property beyond the reach of his creditors, he placed his exemption beyond his own reach." Bump on Bankruptcy 138; *In re Dillard*, 9 B. R. 8.

But assuming that the title to said lands revested in the appellant after his voluntary deed had been declared invalid, and that he was then as fully entitled to a homestead therein as if no conveyance had ever been made by him, still he was not entitled to hold it as exempt from the debt of the appellee. The attachment was levied on the lands in April, 1877, and the proceedings in bankruptcy were not commenced until August, 1878, more than a year after the lien of the appellee attached. The bankrupt statute—sec. 5044 Rev. Stat. U. S.—dissolves the lien of any attachment sued out within four months next preceding the commencement of the bankruptcy proceedings, but it does not affect the lien of an attachment acquired more than four months prior to the commencement of such proceedings; nor does it prevent the plaintiff in the attachment from prosecuting his claim to judgment and availing himself of the attachment to obtain satisfaction. *Bowman* v. *Harding*, 56 Me. 559; *Mason & Hoge* v. *Warthen*, 7 W. Va. 532; *Doe* v. *Childress*, 21 Wal. 642.

The commencement of proceedings in bankruptcy after the lien of the attachment had existed for more than four months, could not affect the right of the State court to proceed to a final disposition of the cause. It is true the proceedings in that court might, under the statute—sec. 5047

U. S. Rev. Stat.,—have been arrested or controlled by the bankrupt court if necessary for the purposes of justice; but in the absence of any such interference, the jurisdiction of the State court remained unimpaired. *Davis' Case*, 1 Sawyer 260; *Re Saechi* 10 Blatch. 29.

The bankrupt court being the special creature of statutory law, it has no powers except those that are expressly granted by the statute, and such implied powers as may be necessary to give full force and effect to the jurisdiction conferred upon it. The statute has not only not deprived the State courts of jurisdiction over suits commenced therein before the commencement of proceedings in bankruptcy, but it has provided for their prosecution and defence therein by the assignee in bankruptcy—*Samson* v. *Barton*, 4 B. R. 1.

In the case before us the assignee was not made a party, nor did he ask to become such. Neither was the attachment creditor, the appellee here, made a party to the proceedings in bankruptcy in the United States district court; consequently, the circuit court of Randolph county having acquired jurisdiction before the commencement of the proceedings in the bankrupt court, and no action having been taken by the latter court to control or stay its proceedings, the said circuit court properly proceeded to adjudicate the cause and decree satisfaction of the plaintiff's debt out of lands attached by him and under the control of the court—*Bates* v. *Tappan*, 99 Mass. 376; *Stoddard* v. *Locke*, 43 Vt. 574; *Sedgwick* v. *Menck*, 6 Blatch. 156; *Payne* v. *Able*, 7 Bush. 344; *Spilman* v. *Johnson*, 27 Grat. 33; *Barr* v. *White*, 30 *Id.* 531; *Eyster* v. *Gaff*, 91 U. S. 521.

But it may be asserted that the bankrupt court, by confirming the act of its assignee setting apart to the appellant as a homestead the specific land decreed to be sold, acquired jurisdiction of the subject-matter in controversy to the exclusion of the State court. This cannot be the fact. The court under which this claim is asserted is a court of Virginia and not of this State. And while it may be conceded that courts of the United States, when sitting as courts of bankruptcy, can exercise extra-territorial jurisdiction in collecting the estate and adjusting the claims of the creditors of the bankrupt yet in all matters of controversy touching the rights of the

assignee under the assignment, when the subjects in dispute are of a local nature, the rights of the parties must be determined by actions in the local courts.    *Whitridge* v. *Taylor*, 66 N. C. 273.    The lands sought to be affected in this cause are located in Randolph county in this State, and upon the most elementary principles of law, they could not be withdrawn from the jurisdiction of the State court by the bankrupt court sitting in a foreign State.    But as we have seen, this bankrupt court did not attempt to withdraw said land from the State court.    The setting it apart by the assignee as a homestead for the bankrupt simply exempted it from sale for the satisfaction of the debts of creditors who had filed their claims against the bankrupt in the bankrupt court.    By the terms of the bankrupt statute, the exempted property remains in the ownership of the bankrupt.    It expressly provides that such property shall not pass to the assignee, or the title of the bankrupt thereto be impaired or affected by any of the provisions of the statute.    U. S. Rev. Stat. sec. 5045.    Therefore the act of the assignee in designating and setting apart exempted property, is simply a declaration that the court of bankruptcy has no concern with it, and not a judgment *in rem.* conclusive against the world.    *Fehley* v. *Barr*, 66 Penn. 196; *Re Hunt*, 5 B. R. 493.    And a creditor who has a valid lien on such property, as the appellee had in this case, may enforce it notwithstanding the discharge of the bankrupt, and he may even controvert the right of the bankrupt to the exemption.    *Tuesley* v. *Robinson*, 103 Mass. 558; *Re Preston*, 6 B. R. 545.

Aside from the views already presented, the decree of the court complained of was correct and in no respect prejudicial to the appellant.    Under the laws of this State no one except a resident of the State is entitled to a homestead exemption—Acts 1877, chap. 114, sec. 1, p. 164.    The appellant being a citizen and resident of the State of Virginia is not entitled to any exemption or homestead in this State. He claims and asserts his right to a homestead under and by virtue of the statute laws of Virginia, and asks the courts of this State to enforce those laws in respect to property situated in this State.    Whatever might be the right of the appellant under the exemption laws of Virginia in proceedings in

the courts of that State respecting property located there, it is certain that the courts of this State will not enforce those laws as to property located in this State. It was expressly decided by this Court in *Stevens* v. *Brown*, 20 W. Va. 450, that the exemption laws of a sister State will not be enforced by the courts of this State.

In every aspect of the case it seems to me the decree of the circuit court was proper, and it must, therefore, be affirmed with costs and damages according to law.

THE OTHER JUDGES CONCURRED.

AFFIRMED.