SAMUEL LEIGHTON *vs.* HENRY KELSEY & another.

The clause in § 14 of the United States bankrupt act of 1867, providing that the conveyance therein mentioned " shall dissolve any attachment made within four months next preceding the commencement" of the debtor's proceedings in bankruptcy, is equivalent to an express provision for the preservation of an attachment made more than four months.

The bankrupt's certificate of discharge duly pleaded in an action pending against him in the supreme judicial court of this State, will not, by virtue of R. S. of 1857, c. 81, § 33 dissolve an attachment made by virtue of the writ in the action, more than four months prior to the defendant's commencement of proceedings in bankruptcy.

The attachment thus made may be enforced by an execution issued upon a special judgment rendered by the court in which the action was entered and prosecuted.

The district court of the United States does not have exclusive jurisdiction in such matters.

ON EXCEPTIONS.

ASSUMPSIT on a promissory note.

The case is fully stated in the opinion.

*William Henry Clifford,* for the plaintiff, cited *Franklin Bank* v. *Bachelder,* 23 Maine, 60 ; *Kittredge* v. *Warren,* 14 N. H. 509 ; *Davenport* v. *Tilton,* 10 Met. 320 ; *Rowell's case,* 21 Verm. 620 ; Drake on Attachment, 435 ; United States Bankrupt Act of 1867, § 14 ; Pub. Laws of 1868, c. 157, 223 ; *Lothrop* v. *Abbott,* 21 Maine, 421 ; United States Bankrupt Act of 1841, § 2 ; United States Bankrupt Act of 1867 (Avery & Hobbs' Ed.), 108 ; *Houghton* v. *Eustis,* 5 Law Rep. 505 ; *Downer* v. *Brackett,* 5 Law Rep. 392 ; *Peck* v. *Jenness,* 7 How. 612.

*Shepley & Strout,* for the defendants, elaborately argued the following propositions :

1. The replication is bad in form and substance, praying judgment whether the plaintiff ought to be precluded from having his "action against the said defendants," instead of his action *in rem* against the goods attached.

Leighton *v.* Kelsey.

2. By United States bankrupt act of 1867, § 34, the discharge "releases" the bankrupt, and, when pleaded, is "a bar" to the action, hence judgment must be for the defendant in such case. And by R. S. of 1857, c. 81, § 33, "when final judgment is rendered for the defendant, the attachment is thereby dissolved." And this statute is not repealed expressly or by implication.

3. By the provisions of the bankrupt act no lien by attachment continues so as to be enforced under process from the State courts. Attachments are liens to secure judgments recorded against defendants, and whatever defeats the judgment defeats the attachment, unless saved by some statute. *Peck* v. *Jenness*, 7 How. 623. The United States bankrupt act of 1841, § 2, expressly preserved attachments. Not so with the act of 1867.

The national act has suspended all State legislation touching the matter of bankruptcy. *Sturgis* v. *Crowningshield*, 4 Wheat. 122. *Ogden* v. *Saunders* 12 Wheat. 263. *In re Bellows & Peck*, 3 Story, C. C. R. 428.

The disposition of all liens under the bankrupt act is vested in the district court of the United States. United States bankrupt act of 1867, § 1. The State court has no jurisdiction. The lien is continued, if at all, by force of the United States act, and the United States court should administer it.

If the proper steps had been taken before the proper tribunal before discharge, whatever lien there was could have been enforced. After discharge, the State court cannot modify its effect. *Ex parte Foster*, 2 Story, 157.

A State court once having had jurisdiction, may continue to entertain it for the purposes mentioned in § 21, even after the institution of bankrupt proceedings; but the enforcement of a lien by attachment is not one of the purposes mentioned.

BARROWS, J. To the defendant's plea of a discharge in bankruptcy, the plaintiff replied an attachment of personal property regularly made more than four months before the commencement of the proceedings in bankruptcy, and still subsisting (as he alleges),

Leighton *v.* Kelsey.

and that this suit is prosecuted for the sole purpose of obtaining a judgment and execution which will enable him to perfect that attachment; and to this end alone he prays judgment against the defendants for his damages and costs. Defendants demurred to the replication, and plaintiff joined. The presiding justice overruled the demurrer, and defendants alleged exceptions which have been elaborately argued.

The statutory provisions which are supposed to bear upon the question here presented, are as follows:

1. Section 34 of the act of congress passed in 1867, and entitled, " An act to establish a uniform system of bankruptcy throughout the United States; " which provides that a discharge duly granted under the act shall release the bankrupt from all debts, claims, liabilities, and demands which were, or might have been, proved against his estate in bankruptcy except such as are by said act excepted from the operation of a discharge in bankruptcy; and that such discharge may be pleaded as a full and complete bar to all suits brought on any debts, &c., not thus excepted, and that the certificate shall be conclusive evidence in favor of such bankrupt, of the fact and the regularity of such discharge.

2. Section 14 of the same act; which provides that the conveyance to the bankrupt's assignee shall vest in him, by operation of law, all the property and estate of the bankrupt, both real and personal (with certain specified exceptions), although the same is then attached on mesne process as the property of the debtor, and shall dissolve any such attachment made within four months next preceding the commencement of said proceedings.

3. Section 21 of the same act; prohibiting any creditor whose debt is provable under the act from prosecuting to final judgment and suit therefor against the bankrupt, until the question of the debtor's discharge shall have been determined, and commanding the stay of any such suit on the application of the bankrupt for a reasonable time to await the determination of the court in bankruptcy on the question of discharge, with a proviso that if the amount due the creditor is in dispute, he may proceed to judgment by leave of

the court in bankruptcy, for the purpose of ascertaining the amount which shall thereupon be proved in bankruptcy.

4. Section 1 of the same act; extending the jurisdiction of the district courts of the United States to the collection of all the assets of the bankrupt, and to the ascertainment and liquidation of the liens and other specific claims thereon.

5. The defendants claim that under §§ 21 and 34 of the United States bankrupt act, judgment must necessarily be rendered for the defendants upon pleading the discharge with profert of the certificate, which they have done, and that thereby the attachment will be dissolved by force of c. 81, § 33, R. S.; and that in any event, even if an attachment made more than four months before the commencement of proceedings in bankruptcy can be held to create a valid lien capable of being enforced, it must, under § 1 of the bankrupt act, be enforced by proceedings in the district court of the United States, which they insist has exclusive jurisdiction of all matters pertaining to the ascertainment and liquidation of liens upon the bankrupt's estate.

On the other hand, the position assumed by the plaintiff is, that section 14 of the bankrupt act, above quoted, preserves all attachments made more than four months before the commencement of the proceedings in bankruptcy, and that chapters 157 and 223 of our statutes of 1868 harmonize with this view of the bankrupt law; and, taking the whole together, there is nothing in our own legislation or in that of the United States to preclude the rendition of the special judgment and special award of execution which he prays for in his replication.

And we think this position is successfully maintained.

To bar the judgment to which the plaintiff would otherwise be entitled, the defendants rely upon certain statutory provisions. These are all to be combined together, giving paramount force to the act of congress if the State law is found to be in conflict with it, but having due regard for the rules which require that every section and clause shall be expounded with reference to every other, and, if possible, the effect designed by the legislature given to each;

Leighton *v.* Kelsey.

that that which is required or excepted by necessary implication from any of the provisions of the statute is to be regarded in the same manner as if it were done in express terms; and that whenever a right is given by statute, all the means necessary to make the right effectual are given also.

Thus looking at these various provisions we cannot hesitate to say, that an attachment made, as was the plaintiff's, more than four months before the commencement of the defendant's proceedings in bankruptcy, is preserved by necessary implication from section 14, which dissolves only those attachments made within four months from such commencement; that this is equivalent to an express provision for the preservation of such an attachment as we have in the case at bar; that the only mode of preserving the attachment, known to the law, is by the rendition of such a judgment by the court in which the process is pending, as will enable the party making it to perfect the lien thereby acquired; that from this it follows that the provisions in the bankrupt act making the discharge in bankruptcy a good plea in bar, &c., are not to be so construed as to prevent the rendition of such a judgment in cases which are thus made exceptional; that is, in all cases where an attachment was duly made four months before the commencement of the proceedings in bankruptcy, if upon the pleadings or evidence the plaintiff is found otherwise entitled to judgment in his favor, the plea of bankruptcy must not be held to preclude him from having such a judgment as will place it in his power to avail himself of his attachment; for only thus can the due and proper effect be given to that clause in the bankrupt act which was designed to prevent the dissolution of those attachments. A judgment in favor of the bankrupt defendant, such as his counsel here claims, would operate not an ascertainment and liquidation of the lien, but a dissolution of it by virtue of our own statute. R. S. c. 81, § 33.

We see no difficulty in giving full force and efficacy to that clause in the bankrupt act which confers on the district courts of the United States jurisdiction over the ascertainment and liquidation of such liens without supposing that it was intended to defeat them

by taking from the court, under whose process they exist, the power of rendering the special judgments necessary to complete them.

The error into which the defendant's counsel falls, consists in the assumption that the preservation of these attachments by necessary implication from the clause in § 14 of the bankrupt law of 1867, is not equivalent in effect to a provision in express terms for their preservation,—such as was made for the preservation of liens in the bankrupt law of 1841.

Correcting that mistake, we follow, in awarding the judgment claimed by the plaintiff, the same course of proceeding which was pursued in cases arising under the bankrupt law of 1841. *Davenport* v. *Tilton*, 10 Met. 320. *Kittredge* v. *Warren*, 14 N. H. 509. *Kittredge* v. *Emerson*, 15 N. H. 227. *Franklin Bank* v. *Bachelder*, 23 Maine, 60.

It is true that the principal question discussed in those cases was whether an attachment on mesne process constituted a lien within the meaning of that clause in the bankrupt act of 1841, which protected existing liens against the operation of the law; but the questions here presented arose incidentally, and are treated with such fullness of learning and ability, that one can enter the same field now only as a disciple and copyist.

A simple reference, then, is all that is deemed necessary.

*Exceptions overruled.*

APPLETON, C. J.; CUTTING, DICKERSON, DANFORTH, and TAPLEY, JJ., concurred.