(75 N. W. Rep. 793.)

---

## *In re* CARL A. KAEPPLER.

Opinion filed May 10th, 1898.

**Insolvency—Exemptions.**

In proceedings under the insolvency law of this state, the insolvent, if the head of a family, is entitled to the exemptions allowed by law, even as against

a creditor whose claim is for property obtained by the false pretenses of the insolvent.

## Insolvency Discharge Not Operative Against Debt Contracted Under False Pretenses.

Such a claim is not discharged by the insolvency proceedings. The creditor can share in the dividends, and bring an action against the debtor to recover the balance, and on the judgment so obtained he can exhaust the debtor's exemptions.

Appeal from District Court, Cass County; *Pollock*, J.

Claim for exemptions as against a creditor by one Carl A. Kaeppler, an insolvent debtor. From a ruling in favor of the insolvent, the creditor appeals.

Affirmed.

*Ball, Watson & Maclay*, for appellant.

It has been questioned in this state whether exemptions should be allowed in case of insolvency and assignments. *Red River Valley Nat. Bank* v. *Freeman*, 1 N. D. 196, 46 N. W. Rep. 36 and § 6046, Revised Codes, was enacted to cure this defect in the law. The homestead claimant must be the head of a family. Section 208, constitution. His qualifications as a homestead claimant are further defined by § 3605, Revised Codes. The amount and quantity of exemptions is determined by article 2, chapter 11, Revised Codes. Section 6046 of the insolvent law simply provides the mode and machinery for the selection of exemptions in the particular case of insolvency. It gives no other or different exemptions than those provided by general law. By sections 6037, 6046, 6004 and 6036, Revised Codes, the debtor is permitted to select the exemptions allowed by law—and the exemptions consist only of property exempt from execution. In case of judgment for a fine or upon a bond given in criminal proceedings, the additional exemptions are not allowed. Could the debtor successfully evade this law by going into voluntary insolvency? In the face of § § 5526, 5527, can the fraudulent debtor who has obtained his whole property by false pretenses evade the statute by going into insolvency, where he has property

beyond exemptions? The exemptions are granted when the court is "satisfied that the insolvent is entitled thereto." The court may restrict the right to exemptions or deny them in case of manifest fraud. *Naumberg* v. *Hyatt*, 24 Fed. Rep. 898; *Strouse* v. *Becker*, 38 Pa. St. 190; *Appeal of Inhoff*, 13 At. Rep. 279; *McNally* v. *Mulherin*, 79 Ga. 617; *Bruff* v. *Stern*, 81 N. C. 183. The fraudulent representations and false pretenses whereby the insolvent obtained possession of the property of the objecting creditor, are sufficient to impress the funds in the hands of the assignee with a trust in favor of the creditor. Storys Eq. § 1259: *Bent* v. *Barnes*, 64 N. W. Rep. 428; *Holmes* v. *Gilman*, 34 N. E. Rep. 205.

*Morrill & Engerud*, (*H. R. Turner*, of counsel,) for respondent.

The facts alleged as objections by appellant are stated merely on information and belief. This is not sufficient. *DeLong* v. *Briggs*, 11 N. W. Rep. 412; *Sheridan* v. *Briggs*, 19 N. W. Rep. 189; *Marble* v. *Curran*, 29 N. W. Rep. 725. If respondent had property which he had omitted from his schedule, he would not be deprived of the specific property selected as exemptions. *Wagner* v. *Olson*, 3 N. D. 69, 54 N. W. Rep. 286. The institution of insolvency proceedings is equivalent to a levy for the benefit of all creditors. 16 Fed. Cases, 8789; 13 Am. L. Reg. (N. S.) 697; 6 Biss. 111. The power to grant or withhold exemptions is exclusively political. The courts have nothing to do with it. Nor can fraud be predicated upon a debtors selection of exemptions. *O'Donnell* v. *Segar*, 25 Mich. 367; *Jacoby* v. *Distilling Co.*, 41 Minn. 227; *Culver* v. *Rogers*, 28 Cal. 145; *Palmer* v. *Hawes*, 50 N. W. Rep. 341; *In re Hinkle*, 2 Saw. 305; 11 Fed. Cases, 6362; *McFarland* v. *Goodman*, 6 Biss. 111, 16 Fed. Cases, 8789.

BARTHOLOMEW, J. The sole question here involved relates to the right of a party who has been declared an insolvent on his own petition to claim his exemptions as against a creditor who claims that his debt was incurred under false pretenses and by the use of false representations on the part of such insolvent. The

trial court ruled in favor of the insolvent, and the creditor appeals.

We shall not discuss the point made by respondent that, under section 208 of our constitution, no head of a family can be deprived of the benefits of the exemption laws, as we think the ruling of the court was clearly right upon other grounds. Our insolvency law provides (sections 6037, Revised Codes) as follows: "The debtor shall be allowed such exemptions as are provided for by law and shall be permitted to use and occupy his homestead, household furniture, and absolute exemptions until his homestead and exemptions shall have been selected in the manner hereinafter prescribed." Section 6046, Revised Codes, provides for the selection of the homestead and exemptions up to the full amount allowed by law, at the value determined by the appraisement; and provides, further, that, when such exemptions have been selected, an inventory of the same shall be presented to the court, and, if satisfied that the debtor is entitled thereto, the court shall make an order setting the same apart. Thereafter the assignee has nothing to do with such exempt property. There are no exceptions to the rule whatever, so far as the insolvent law is concerned. There are no claims mentioned against which a debtor is not entitled to his full exemptions. But, under the chapter treating of executions in civil actions, it is declared, by section 5526, Revised Codes: "No personal property except absolute exemptions shall be exempt from execution or attachment in an action for * * * a debt incurred for property obtained under false pretenses." The creditor here urges that, inasmuch as the debtor could have claimed only absolute exemptions as against this claim if it was being enforced by attachment or execution, it is not the policy of the law to allow him any greater rights under the insolvency law. This conclusion does not necessarily follow. It is now almost universally conceded that statutes granting exemptions to heads of families are highly beneficial in their character, and should have a liberal construction, in furtherance of the accomplishment of

their beneficent purposes. It may be that, in the absence of all indications of legislative intent, we would not be warranted in reading into an exemption statute a limitation that did not come within its letter. But certainly we are not warranted in so doing where, as in this case, upon full consideration of all the statutes bearing upon the subject, an opposite legislative intent clearly appears.

If this creditor has any claim to special favor at the hands of the assignee, it must be because he is a preferred creditor. But preferred creditors are specially classified by section 6070, and this claim falls within neither class. All other claims must, under the statute, be treated in the same manner by the assignee. All funds paid out by him must be paid *pro rata* on such claims. He has no power to sell property for the benefit of one unpreferred creditor. It would, we think, be a matter unheard of in practice, if a court should make an order setting apart property which should be exempt as to some creditors and not exempt as to others. Such a course would be repugnant to the main policy of insolvency and bankruptcy laws. It is the policy of such laws to force all creditors to share alike in that proceeding, unless for special reasons the law places them in a preferred class. Whatever property vests in the assignee by virtue of the insolvency proceedings vests in him for the benefit of all creditors. No property can vest in him for the exclusive benefit of one creditor. Such a claim would be repugnant to every section of the act. By setting apart to the insolvent his exemptions, this creditor is deprived of no rights. Section 6086 declares that no debt created by the fraud of the debtor shall be discharged by the insolvency proceedings. This creditor can share in such proceedings, he can receive his proper dividends, and then if his claim rests upon the debtor's fraud, he can sue for the balance, and exhaust the debtor's exemptions. In that proceeding he can contest the debtor's claim for exemptions. We are clear that such was the legislative purpose. It is true the statute provides that, when the inventory of exemptions is presented to the court,

the court, "if satisfied that the debtor is entitled thereto," shall make an order, etc., (section 6046.) But we think the only matter before the court is whether or not the debtor belongs to the class of persons to whom the law allows exemptions.

Affirmed. All concur.