(88 N. W. Rep. 700.)

---

POWERS DRY GOODS CO. *vs.* NELS NELSON.

Opinion filed Nov. 9, 1901.

### Attachment—Lien—Discharge in Bankruptcy.

The lien of an attachment on personal property of a bankrupt is not destroyed by a mere discharge of the debt secured by the lien, through a discharge under the present national bankruptcy act; and, unless such lien is one which is itself declared void by said act, it may be enforced, through a modified form of judgment, as against the property on which the lien exists.

### Exempt Property in Bankrupt.

Under § 70 of the national bankruptcy act, the title of the bankrupt's property passes to the trustee in bankruptcy, except as to property which is exempt under state laws. As to such exempt property the jurisdiction of the bankruptcy court is limited to determining whether or not it is exempt, and the title thereto remains in the bankrupt, and, when set apart as exempt by the bankruptcy court, is subject to the jurisdiction of the state, and not the federal, courts.

### Rights of Trustee in Bankruptcy.

Section 67 f of said act, which provides that certain liens upon the property of a bankrupt shall be null and void when he is adjudged a bankrupt, and that the property covered thereby shall pass to the trustee as a part of the estate of the bankrupt, does not apply to an attachment lien upon property which is exempt, and over which the bankruptcy court has disclaimed jurisdiction by setting it aside to the debtor as exempt.

Appeal from District Court, Richland County; *Glaspell,* J.

Action by the Powers Dry Goods Company against Nels Nelson. Judgment for plaintiff. Defendant appeals. Affirmed.

*George H. Gjertsen* and *L. B. Everdell,* for appellant.

*Purcell & Bradley,* for respondent.

Young, J. The complaint states a cause of action for goods sold and delivered by plaintiff to defendant between February 1 and May 6, 1900. A warrant of attachment was issued at the commencement of the action under subdivision 8, § 5352, Rev. Codes 1899, which subdivision provides that an attachment may be issued and levied upon personal property sold, in actions to recover the purchase price therefor. Under such warrant of attachment the sheriff of Richland county, wherein the action was pending, levied upon the goods sold, and also other personal property, and took the same into his possession. The defendant, in an amended answer, pleads as his sole defense a discharge in bankruptcy by the district court of the United States for the district of North Dakota, which discharge is claimed to have had the effect of canceling both the debt sued upon and the lien of the attachment as well. The case was tried to the court without a jury, upon a written stipulation of facts. The trial court found, as a conclusion of law from the facts found, "that the plaintiff is entitled to judgment against the defendant for the amount claimed in the complaint, with interest and costs; such judgment, however, to be enforced solely against the property attached herein and held by the sheriff of Richland county * * * under the warrants of attachment herein." In pursuance thereof, a qualified form of judgment was entered, providing that it should be enforced only against the property held by the sheriff under the warrant of attachment, and further providing that upon a sale of personal property, and a return of execution showing such sale and the amount realized from said property, "said judgment should thereby be satisfied in full." The defendant has appealed from the judgment, and in a settled statement of the case, containing all the evidence offered, demands a review of the entire case by this court.

The case turns upon facts which are not in dispute. So far as they are material to a determination of the questions involved, they may be stated chronologically as follows: On June 23, 1900, the defendant filed a petition to be adjudged a voluntary bankrupt, together with a schedule of all his assets and liabilities, with the clerk of the district court of the United States for the district of North Dakota, in conformity with the acts of congress relative to bankruptcy. The plaintiff was listed as a creditor, and his claim was listed in the schedule of liabilities. The present action was commenced in the district court of Richland county on June 27, 1900; and on the following day the sheriff levied upon the goods sold by plaintiff, and took them into his custody. On

June 30th, 1900, the district court of Richland county, upon defendant's application setting forth the pendency of the bankruptcy proceedings, stayed all further proceedings in the action until further order. On July 2, 1900, defendant was duly adjudged bankrupt by the United States court. On August 6, 1900, the United States court made an order requiring the trustee in the bankruptcy proceedings, Charles G. Bade, to set aside, under the acts of congress and the laws of the state, as exempt, to the defendant, and as his own property, certain personal property, including all of the chattels taken by attachment in this action. On August 9th thereafter said trustee set aside all of said property as exempt, as required by said order. On August 22, 1900, the plaintiff caused a second warrant of attachment to be issued, and on the following day the same was levied by the sheriff upon the same property seized under the first attachment, which property had continued in his actual custody at all times after its seizure in the first instance. On September 22, 1900, the United States district court made an order in the bankruptcy proceeding discharging the defendant from all debts and claims which existed on June 23, 1900, the day the petition was filed, which were provable by the bankruptcy act against his estate, excepting therefrom such debts as are by law exempt from the operation of a discharge in bankruptcy. It is stipulated that the facts alleged in plaintiffs complaint are true, and, further, that the property seized by the sheriff under the attachment was in part property sold to defendant by plaintiff. It is also stipulated that during the pendency of the bankruptcy proceedings the defendant made a petition in said bankruptcy court for an order directing the trustee to set out as exempt all of the personal property by him listed in his schedule, and that such order was made on August 6, 1900, as hereinbefore stated. It is also agreed that the question of the right of the defendant to claim the property attached as exempt as against the claim of the plaintiff has never been litigated or determined, unless the same was, as matter of law, determined or litigated in the bankruptcy proceedings in which the plaintiff took no part. The judgment here appealed from was rendered and entered on March 26, 1901.

Defendant contends that his discharge in bankruptcy by the United States court on September 22, 1900, was a complete bar to the recovery of any judgment whatever by plaintiff. This claim proceeds necessarily upon the theory that both the debt and the lien of the attachment were wiped out of existence by the discharge of the bankruptcy court. As to the debt sued upon, it is conceded that it was provable at the time defendant filed his petition, and that it was not of such a nature as to be exempt from a discharge. So far, then, as the debt stands alone, unaided by the lien of the attachment, it clearly was not enforceable as against the defense of a discharge. But the discharge of the lien is an entirely different matter. Counsel for defendant urge that, if payment

of the debt cannot be enforced directly, it cannot be enforced through the aid of. an attachment lien. It is claimed that, inasmuch as an attachment is generally defeated by anything that defeats the recovery of a valid money judgment, the attachment lien in this case must fall with the failure of the right to a money judgment. This rule clearly does not apply to liens securing debts which have been discharged by proceedings under the national bankruptcy act. A discharge under that act cancels some debts, and preserves others, according as they come within its provisions. It also provides that certain liens are rendered void and of no effect by the bankruptcy proceedings. Other liens are not disturbed. The act deals with both debts and liens, and it is now too well settled to require extended discussion that a mere discharge of the debt does not of itself discharge the lien securing it. The lien, to fail, must be one that is stricken down by the terms of the act. It is held that, where bankruptcy acts recognize the lien of an attachment as valid, "a discharge in bankruptcy does not prevent the attaching creditors from taking judgment against the debtor in such limited form as may enable them to reap the benefit of their attachment. When the attachment remains in force, the creditors, notwithstanding the discharge, may have judgment against the bankrupt; to be levied only upon the property attached." *Hill* v. *Harding,* 130 U. S. 699, 9 Sup. Ct. 725, 32 L. Ed. 1083, and cases cited. *Bank* v. *Elliot,* (Wis.) 85 N. W. Rep. 417, is directly in point. The question in that case was as to the right of a creditor to enforce the equitable lien of a garnishment when the debt sued upon had been discharged by a discharge under the present national bankruptcy act. The court, after careful consideration, reached the conclusion that he had such right. We quote at length, with approval, the following from the opinion of Judge Marshall in that case: "Whether the court errred in refusing to give appellant judgment in form against Elliott obviously depends upon whether, after the discharge in bankruptcy, and the entry of the plea by Elliott in bar of further prosecution of the main suit as to him, appellant had a cause of action, in any sense, upon which a judgment could be rendered. It is conceded that if a defendant is discharged in bankruptcy from a debt, pending proceedings to enforce it, he is entitled to plead such circumstance in bar of further proceedings for a personal judgment, if the plaintiff does not voluntarily discontinue the action, and to recover on such plea. But it is said that if an action is wholly in rem, or partly in rem and partly in personam, its status as an action to reach the res is not disturbed by a discharge of the defendant in bankruptcy, if the plaintiff's interest therein be preserved by the bankrupt act. The authorities seem to be uniform to that effect. *Roberts* v. *Wood,* 38 Wis. 60; *Bates* v. *Tappan,* 99 Mass. 376; *Bowman* v. *Harding,* 56 Me. 559; *Leighton* v. *Kelsey,* 57 Me. 85; *Ingraham* v. *Phillips,* 1 Day 117; *Jones* v. *Lellyett,* 39 Ga. 64; *Pierce* v. *Wilcox,* 40 Ind. 70; *Stoddard* v.

*Locke,* 43 Vt. 574; 5 Am. Rep. 308; *May* v. *Courtnay,* 47 Ala. 185; *Kittredge* v. *Warren,* 14 N. H. 509; *Munson* v. *Railroad Co.,* 120 Mass. 81, 21 Am. Rep. 498. In *Bowman* v. *Harding* it was insisted on behalf of the discharged party that he was, by the express terms of the bankrupt act, released from all his debts, and that no such discharged debt could by implication be consiered to have sufficient life to form the basis of a judgment, even in form, against him. The court thought otherwise, reasoning that the language of the bankrupt act, preserving a lien incident to a debt, by implication preserved the debt, notwithstanding its discharge, so far as necessary to make the lien effective. Speaking of the same subject, in *Leighton* v, *Kelsey.* supra, the court said, in substance, the provisions of the bankrupt act are not to be construed so as to preclude the rendition of such a judgment as is necessary to enable a lien claimant, whose interest in property is preserved to him by the act, to perfect and realize upon it. In *Bates* v. *Tappan* this language was used: 'The provisions for a full discharge * * * must be construed, as they well may be, so as not to prevent the enforcement of a lien, which the statute itself permits, by any requisite proceedings therefor which do not involve a judgment in personam. A lien by attachment can be enforced in no other way than by the qualified judgment which was rendered by the superior court, and it must therefore be affirmed.' The present bankrupt act has the same features as the act of 1867, which were the foundation of the adjudications cited. It provides that 'all levies, judgments, attachments, or other liens, obtained through legal proceedings against a person who is insolvent, at any time within four months prior to the filing of a petition in bankruptcy against him; shall be deemed null and void in case he is adjudged a bankrupt,' etc. Section 67f. The language as·clearly, by implication, preserves all liens claimed in legal proceedings, of sufficient age to be outside the four-month limit, as it ‾expressly annuls those within such limit. The preservation of certain liens necessarily left the lien claimants free to pursue the necessary legal or equitable remedies to render them effective." See, also, *In re Blumberg,* (D. C.) 94 Fed. Rep. 476.

Having reached the conclusion that the lien of the attachment in this case was not discharged by the mere discharge of the debt, the question next presented is whether the discharge in bankruptcy did not in itself operate as a discharge of the lien. Counsel for defendant urged that it was discharged under the provisions of section 67f of the bankruptcy act, which provides that "all * * * * attachments * * * obtained through legal proceedings against a person who is insolvent, at any time within four months prior to the filing of a petition in bankruptcy against him, shall be deemed null and void in case he is adjudged bankrupt and the property affected by the levy * * * shall be deemed wholly discharged and released from the same, and shall pass to the trustee

as a part of the estate of the bankrupt," etc. This section, in our opinion, has no reference whatever to the particular lien now under consideration. It is true that, when plaintiff secured its attachment lien, defendant was insolvent. But the lien was created not before the petition was filed, but afterwards; and, as will hereafter appear, the vital element of jurisdiction over the property and this particular lien was lacking in the bankruptcy court at that time, and as a consequence it was in no way affected by the bankruptcy proceedings. When the attachment was issued and levied,—and we refer now to the second attachment, which was levied August 23, 1900, and have no occasion to consider the earlier attachment,—the defendant's debt was not yet discharged, but was a valid and enforceable obligation. The levy was upon property owned by the defendant, which was not then, and never was, in the possession of the trustee,—property which neither at the time of the levy nor prior thereto constituted any part of the bankrupt's estate, subject to be administered upon by the bankruptcy court. It was exempt property, over which the bankruptcy court had no further jurisdiction than to ascertain whether it was exempt, or was property to be administered upon for the benefit of general creditors. It is true, by section 70 of the bankruptcy act the trustee is, by operation of law, vested with the title of the bankrupt, but this section expressly excepts title to property which is exempt. The title to defendant's exempt property remained in him. As was said in *Re Durham,* (D. C.) 104 Fed. Rep. 231: "Where the property is claimed as exempt, no title passes to the trustee, and he is only entitled to the possession thereof for the purpose of ascertaining by proper appraisement whether the value of the property does not exceed that allowed as exempt under the laws of the state. As soon as that is ascertained, it is the duty of the trustee to deliver it to the bankrupt." Again, in *Jeffries* v. *Bartlett,* (C. C.) 20 Fed. Rep. 496, it was said that: "It would seem that the jurisdiction of the bankruptcy court begins and ends, in regard to excepted or exempted property, in reviewing or controlling the assignee in designating and setting apart such property, and that property designated and set apart does not pass to the assignee, nor is it subject to be administered by the court as a part of the bankrupt's estate. * * * If such exempted property can be said to be brought into the bankrupt court at all, then, when it has been designated and set apart by the assignee, it has been administered and has passed out of the possession and control of the court. After property has been administered upon by the bankruptcy court and disposed of, and neither the assignee nor creditors have any further interest therein, the bankruptcy court ought not to stand as a warrantor, and by injunctions protect the property from assaults in other courts at the suit of persons who may claim liens thereon or title thereto." To the same effect is *Adams* v. *Crittenden,* (C. C.) 17 Fed. Rep. 42. Our conclusion that

the title to property which is exempt remains in the bankrupt, and that jurisdiction as to liens thereon is in the state, and not the federal, courts, is also sustained by the following authorities: *Robinson* v. *Wilson*, 15 Kan. 595, 22 Am. Rep. 272; *Thole* v. *Watson*, 6 Mo. App. 591. In *Robinson* v. *Wilson* an attachment was levied on land claimed as a homestead within four months prior to the adjudication in bankruptcy. It was held that the homestead did not pass to the assignee in bankruptcy, and that the bankruptcy proceedings did not dissolve the attachment. In the course of its opinion the court said that, "as the bankrupt court gets no jurisdiction of the exempt property, it would seem that it should take none over any specific liens upon such property." In *Thole* v. *Watson* it was held "that where household furniture attached is claimed as exempt by the bankrupt, and set apart to him as exempt by the assignee, it does not pass to the assignee, and is subject to the process of the state courts." See, also, *In re Kaeppler*, 7 N. D. 435, 75 N. W. Rep. 789. Aside from the convincing reasoning of the cases referred to, we find ample ground in the language of the statute relied upon for holding that the liens which are declared void by it do not include liens upon exempt property, over which, as we have seen, the state, and not the federal, courts have jurisdiction. Section 67f, after declaring that all attachments levied within four months prior to the filing of the petition shall be null and void, and discharged and released, declares that the effect of such a discharge shall be to pass the property covered by the lien "to the trustee as a part of the estate of the bankrupt." It is entirely plain that this section does not refer to liens upon property upon which the court does not undertake to administer, and over which it has no jurisdiction. Exempt property constitutes no part of the estate which passes to the trustee for the benefit of creditors. As before stated, under the plain policy of the bankruptcy act, as well as by its specific provisions, exempt property is not disturbed, but is left to the debtor, to be held by him subject to the laws of the state, entirely freed from federal interference. If defendant's contention that the discharge in bankruptcy destroyed the lien created by the attachment upon his exempt property is true, then such exempt property would, under the section above referred to, pass to the trustee as a part of the estate of the bankrupt for the benefit of his creditors; thus entirely destroying the debtor's right to save the exemptions allowed by the laws of the state from the reach of general creditors. No such absurd construction can be sustained. In this case the bankruptcy court had by an express order set apart the property levied upon before the attachment was levied. By that order it disclaimed further jurisdiction, even for the purpose of inventory and appraisement. Upon this state of facts, it seems clear the discharge in bankruptcy was without effect upon the lien theretofore created under the laws of this state upon property which was then subject exclusively to the jurisdiction of the

state courts. As sustaining our views, see the very recent case of *In re Little,* (D. C.) 110 Fed. Rep. 621.

It is urged that the second attachment was void because it was. made after the trial court had made an order staying all proceedings in the action. Whether that order was intended to go further than to postpone the trial and proceedings then had under the first attachment is a matter of some doubt, but, even if it is conceded that the stay was broad enough to forbid the second attachment, we are of opinion that the granting and issuance of the same was of itself a sufficient revocation of the order staying proceedings.

This disposes of all objections to the judgment appealed from. For the reasons already stated, the judgment must be affirmed, and it is so ordered. All concur.