(126 N. W. 102.)

---

F. MAYER BOOT & SHOE COMPANY v. R. J. FERGUSON.

Opinion filed March 24, 1910.

**Bankruptcy — Attachment of Exempt Property — Discharge.**

1. On authority of Powers Dry Goods Co. v. Nelson, 10 N. D. 580, 88 N. W. 703, 58 L. R. A. 770, *held,* that the lien of an attachment on personal property of a bankrupt, set aside as exempt in bankruptcy

proceedings, is not discharged by a discharge in bankruptcy and may be enforced through a modified form of judgment as against the property on which it has been created.

### Discharge in Bankruptcy — Effect upon Attachment of Exempt Property — Effect upon Balance.

2. The judgment in such case, although in form a judgment for money, but providing that it shall be satisfied out of the property attached and not otherwise, protects the defendant against any balance which may remain unpaid after sale of the attached property under execution.

### Attachment — Verdict — Judgment Against Property Attached — Objections.

3. In an action brought in the district court and having for its purpose the ascertainment of the amount due the plaintiff from the defendant and the satisfaction thereof out of the property for the purchase price of which the debt was created, a verdict in accordance with the issues made by the pleadings and identifying the property attached for the purchase price, the complaint having contained an allegation regarding the attachment and that the property attached was the identical property for which the debt was incurred, and no motions having been submitted in the trial court to strike out or in any way directed toward the complaint, and the case having been tried on the theory that the identity of the property was an issue, an objection to a verdict containing such finding, made after it is ordered and renewed after it is returned, comes too late.

### Sales — Action for Price — Sufficiency of Evidence.

4. Conceding, but not holding, that certain evidence of a witness M., should not have been received or considered by the court, it is held that, disregarding the evidence of such witness entirely, the personal property described in the complaint was fully identified as property purchased from the plaintiff by the defendant and for the purchase price of which the indebtedness sued upon was contracted.

### Trial — Inadequacy of Objections — Verdict.

5. General objections to questions and to a verdict that fail to point out the specific grounds of the objections are inadequate.

Appeal from District Court, Cass County; Goss, Special J.

Action by the F. Mayer Boot & Shoe Company against R. J. Ferguson. Judgment for plaintiff, and defendant appeals.

Affirmed.

M. A. Hildreth, for Appellant.

A. G. Lacy, for Respondent.

SPALDING, J. This is an appeal from a judgment of the district court in plaintiff's favor. The complaint alleges that the plaintiff

is a foreign corporation; that on the 6th day of June, 1906, and the 19th day of July, 1906, it sold and delivered to the defendant certain goods, wares, and merchandise which were of the agreed value of $621.60; that no payment has been made except the sum of $50, paid October 25, 1907. Then follows a description of the goods sold. The fourth paragraph of the complaint alleges that this action is brought to recover the purchase price for personal property sold and delivered by plaintiff to defendant, and that the defendant has on hand certain property, the description of which follows, which property was sold by plaintiff to defendant, and that the defendant claims the same exempt from the operation of the acts of Congress relating to bankruptcy and by virtue of the laws of North Dakota. The prayer is for judgment for the sum of $571.60 and interest thereon from the 19th day of July, 1906. The defendant answered admitting the incorporation but denying each allegation except as expressly admitted, qualified, or explained, and pleaded that the property described in the fourth paragraph was exempt under the laws of the state of North Dakota, and, further, that prior to the commencement of the action the defendant had been duly adjudged a bankrupt in the federal court for the Southeastern district of North Dakota pursuant to the federal bankruptcy law, and that he had been duly discharged from all his debts and obligations, including the debt and obligation set forth in the complaint. No motions were submitted with reference to the complaint, and the parties went to trial on the 13th day of February, 1908, whereupon evidence was submitted showing the contract price of the goods, which consisted of shoes; that an attachment had been levied thereon in accordance with paragraph 8 of section 6938, Rev. Codes 1905, which provides that, in an action to recover the purchase price for personal property sold to the defendant, an attachment may be issued and levied upon such property, and section 7126, Rev. Codes 1905, which provides that no property shall be exempt from execution or attachment in an action brought for its purchase price or any part thereof. The plaintiff submitted the evidence of several witnesses to show the identity of the goods attached and the purchase price thereof. The defendant submitted no evidence. It was also shown that in the bankruptcy proceedings the goods in question had been set aside as exempt to the defendant prior to the attachment. On both parties resting, counsel for plaintiff submitted a motion to instruct the

jury to return a verdict in favor of the plaintiff and against the defendant for the sum of $571.60, and interest at the rate of 7 per cent. per annum from the 19th day of July, 1906, and for a special finding that the property described in the complaint and in the sheriff's notice of levy was the identical property purchased by defendant from plaintiff. The motion was based upon the ground that the undisputed evidence showed that the defendant purchased from the plaintiff the goods mentioned, and that they amounted to $621.60; and that no part of the same had been paid except the sum of $50, and that the testimony regarding the identity of the property was uncontradicted. The court granted the motion, to which the defendant excepted. After it was granted, the defendant objected to any special finding being made by the direction of the court, because the issue involved the credibility of witnesses who had testified as to the identity of the property, and that that was a question of fact for the jury to pass upon. After the verdict was returned, counsel for defendant objected to its form and to the special finding on the ground that the court had no power to direct a special finding of the character described in the verdict, and that such finding was no part of the verdict. These objections were overruled and exceptions allowed.

The facts disclosed with reference to the commencement of this action and the bankruptcy proceedings are as follows: Defendant filed his petition to be adjudged a bankrupt on the 29th day of December, 1906, and was adjudicated a bankrupt on the 2d day of January, 1907. This action was commenced on the 24th of April, 1907. Defendant's petition for his discharge in bankruptcy was filed on the 25th day of April, 1907, and he was discharged on the 25th day of May, 1907. It will thus be seen that the relative dates regarding the commencement of this action and the different acts in the bankruptcy proceedings were identical with the respective dates in the case of Powers Dry Goods Co. v. Nelson, 10 N. D. 580, 88 N. W. 703, 58 L. R. A. 770. The record contains a notice of motion for security for costs on the ground that the plaintiff is a foreign corporation, which motion bears date March 23, 1908; but no service is shown in the abstract, which shows the entry of an order denying the application. The denial of this application is assigned as error. In view of the decision of this court and that of the trial court, and without considering the question of waiver which was argued, we fail to see any prejudicial error to the de-

fendant by the denial of such application, and, in the absence of service of notice of the application, it was not error to deny it.

A motion for a new trial was submitted and denied on the 30th day of June, 1908, and on the 12th day of September, 1908, judgment was entered in favor of the plaintiff and respondent, wherein it was adjudged that the property levied on in the attachment proceedings was the identical property described in the complaint and sold by plaintiff to defendant. It was also adjudged and determined that the plaintiff have and recover of the defendant $627 damages and $22.87 costs to be satisfied out of the property attached and then in the custody of the sheriff of Cass county, so far as said property will satisfy the amount, and not otherwise, and personal judgment for the costs. No point is made on the fact that personal judgment was entered for the costs. With reference to the legality of such a judgment, the right of the plaintiff to an attachment for purchase money and as to the property levied on for the purchase price not being exempt under our statute and the procedure followed in this case generally, Powers Dry Goods Co. v. Nelson, supra, is authority. The lien of attachment on personal property of a bankrupt set aside as exempt in the bankruptcy proceedings is not discharged by a dischage in bankruptcy, and such lien may be enforced through a modified form of judgment as against the property on which it has been created; and the judgment in this case, although in form a judgment for money against the defendant providing that the indebtedness found by the court should be satisfied out of the property attached so far as such property would satisfy the amount found due, and not otherwise, is adequate to protect the defendant as against any balance which may remain unpaid after the sale of the attached property under execution, in case of plaintiff's failure to satisfy the judgment for such balance. After sale on execution and application of the proceeds, the defendant is entitled to a complete satisfaction of the judgment. The judgment in this case amounted, in effect to a judgment that the defendant purchased of the plaintiff goods at the agreed price stated, and that no part of it had been paid except the sum of $50, and that on the sale of the attached property and the application of the proceeds toward the liquidation of the purchase price plaintiff's remedy would be exhausted. While it may have been unnecessary for the plaintiff to plead the fact of attachment and the description of the goods attached, this was only an irreg-

ularity or surplusage which cannot be objected to for the first time in this court. Jewett Bros. v. Huffman et al., 14 N. D. 110 103 N. W. 408. After the case had been tried on the theory that the identity of the property was in issue, an objection to a finding on that fact came too late. In addition to the authority of the Nelson Case cited, we may say that the rights of the parties are analogous to those of a nonresident defendant having property in this state, against whom an action is brought for money, on a contract, and jurisdiction acquired by attachment of such property and not otherwise. It is well settled that in such case the judgment is satisfied by the sale of the attached property. Anderson v. Goff, 72 Cal. 65, 13 Pac. 73, 1 Am. St. Rep. 34; Blanc v. Paymaster Mining Co., 95 Cal. 524, 30 Pac. 765, 29 Am. St. Rep. 149; Cooper v. Reynolds, 10 Wall. 308, 19 L. Ed. 931; Kemper-Thomas Paper Co. v. Shyer, 108 Tenn. 444, 67 S. W. 856, 58 L. R. A. 173; Salomonson v. Thompson, 13 N. D. 182, 101 N. W. 320, and cases cited.

Appellant contends that this is an action to recover specific property, and that, having elected to take a money judgment against the defendant, plaintiff waived its right to recover the specific property mentioned in the complaint, and that the verdict is fatally defective in not passing upon the value of the property. In these contentions he is in error. This is not an action for the recovery of specific personal property. While the proceedings were somewhat irregular under the authority of Jewett Bros. v. Huffman et al., supra, yet the purpose of the allegations of the complaint relating to the property was to anticipate and defeat the defendant's defense based upon his discharge by the bankruptcy court, and the irregularity, if any, was not of such a nature as to be fatally prejudicial when suggested for the first time in this court. Substantially every question asked by the plaintiff on the trial was objected to by the defendant, and a great number of errors are assigned in overruling such objections. A great majority of these objections are too general, in that they fail to point out specifically wherein the questions are objectionable, and, to such objections upon which error is assigned, no further reference need be made, as this court has repeatedly held that general objections will not be noticed. A large number of other objections went to the competency of the evidence as to the identity of the goods, and with reference to those appellant changes his attitude, and, after objecting to showing the identity, says that the verdict does

not pass upon the issue as to this being the specific property sold defendant and unpaid for. We have passed upon some of these objections already, and it is only necessary in this connection to refer to the question of the value of the property. Its value was not in issue. The question was whether there had been an agreed purchase price, and the evidence of the witness Rosenquist who sold the property is conclusive on that subject. The testimony shows that the price was made with reference to the day on which the orders were given, but that it was agreed between him and the defendant that the prices were subject to change when the goods were shipped; that the quoted prices were those current when the goods were ordered (that is, that he made a price with the understanding that it was subject to change by the house to whatever the price might be at the time of delivery); and that in accordance with this agreement certain changes were made from the specific prices quoted to the defendant on a few articles. We think the evidence of an agreed price is adequate. The changes, in any event, were only trivial. No claim was made that the property belonged to the plaintiff because it had not been paid for.

Error is assigned upon the reception and consideration of the testimony of one Mead. Without passing upon it in detail, it is sufficient to say that Mead was in the employ of the attorneys for the plaintiff; that he went to the defendant's store, and he testified that he made a list of the stock which he found there, and which had been purchased from the plaintiff, and which corresponded to the list which he previously had of such property, upon a piece of an old paper sack. When inquired of regarding the production of the piece of sack, he testified that he had made a copy of it, and that the piece of sack had been destroyed because it was too large to place in the files of the case. His testimony on this subject was positive. Objection was interposed to the admission of the copy in evidence and sustained by the court. The next morning, on the trial being resumed, he produced what he testified was the identical piece of sack with his original figures, and testified that in examining the files in the bankruptcy case, to which reference has been made, he had found this piece of paper folded inside another paper, and that he was mistaken about having destroyed it. Counsel for appellant sought to reflect upon the veracity of Mead on this subject by reason of these facts, and insisted that the court had no legal right to consider his testimony; in substance,

that Mead impeached himself. We do not regard his testimony in that light. He may have been unduly positive of having destroyed it, but the paper produced conformed exactly to the description which he had given on the previous day of the paper on which he made the original figures, and we are satisfied that he was simply mistaken in his evidence on the first day. He had been unable to find the paper where it belonged, or elsewhere, and had concluded that he had destroyed it.

With reference to the identity of the goods as a portion of those sold and for which recovery is sought, we may summarize the evidence as showing the identity by showing the abbreviations peculiar to the shoe trade and which were extended by the salesmen and others, and the identity was sufficiently and conclusively established by his testimony, that of the deputy sheriff, of Hagen, a disinterested shoe man, and others. Finally, if the testimony of Mead should be entirely disregarded, there remains adequate and uncontradicted evidence of the identity of the goods. The deputy sheriff took Hagen to the store of appellant and inquired where the Mayer goods were and was directed to the shelves on one side of the store. The evidence shows that these shelves contained no goods of the kind except the Mayer goods. They were removed from the shelves and placed upon the counter and checked over and compared with the descriptions which the sheriff had in his notice of levy. The plaintiff never sold the defendant anything except the two bills in question, so no difficulty arose from his having in possession other goods purchased from the respondent for which he had paid.

We find no material conflict in the evidence submitted by the plaintiff, and the court was justified in taking the case from the jury. It is unnecessary to pass upon the form of the verdict. If its form was material, in view of the case having been taken from the jury, the objections are not specific as to its defects. They should have pointed out to the court wherein it was improper in form or defective. The verdict was in harmony with the issues raised by the pleadings and the theory on which the case had been tried, and, if not in proper form, was cured by the judgment.

The judgment of the district court is affirmed. All concur.