# NORTHERN SHOE COMPANY v. CECKA.

(135 N. W. 177.)

**Appeal — questions not raised below.**

1. The question of the sufficiency of an affidavit for attachment cannot be raised for the first time in the supreme court.

**Attachment — effect of adjudication of bankruptcy.**

2. It is not a ground for quashing attachment proceedings in an action to recover the purchase price of the goods attached, that the debtor has been adjudicated a bankrupt and that such goods have been selected and set apart to him as exempt.

**Bankruptcy — filing claim in, as waiver of right of attachment.**

3. The fact that plaintiff, after the adjudication in bankruptcy, abandoned attachment proceedings instituted by him within four months prior thereto, and

filed his claim thereafter as a general creditor, does not constitute a waiver of his right to attach, or estop him from subsequently attaching property in an action for the purchase price after the same has been set apart to the debtor by the bankruptcy court as exempt.

Opinion filed February 26, 1912.

Appeal from District Court, Nelson county; *Charles F. Templeton,* J.

From an order denying defendant's motion to quash certain attachment proceedings and to dismiss the action, defendant appeals.

Affirmed.

## Statement of Facts.

The facts are not in dispute, and are as follows:

During 1908, 1909, and part of 1910 the appellant owned and conducted a store at Michigan City, in Nelson county, North Dakota. He bought shoes, etc., from the respondent, valued at $3,181.24, and made partial payments amounting to $2,439.68, and owed respondent $741.-56 as a balance on open account. March 25, 1910, respondent sued appellant in the Nelson county district court to recover said balance, and obtained an attachment under subd. 8, § 6938, Rev. Codes, which was levied upon the greater part of the shoes, etc., in controversy in the present action.

During the pendency of said action and while said shoes, etc., were in the possession of the sheriff, appellant filed his voluntary petition in bankruptcy in the United States court, and was adjudged a bankrupt on July 26, 1910. In the schedule of debts forming part of his petition in bankruptcy, appellant set out the balance of account which he owed to the respondent, and made mention of the action pending thereon. Notice was given and a meeting of creditors held on August 10, 1910, at which respondent was represented by a duly authorized agent who had in his possession and filed for allowance and payment, a claim against appellant and his estate in bankruptcy, which had been prepared and verified by respondent's treasurer on August 6, 1910, the basis of which was the balance of account owing by appellant to respondent, together with the costs of the aforesaid action and attachment

proceedings. In this claim it is stated that "said corporation has not,. nor has any person by its order, or to the knowledge or belief of deponent, for its use, had or received any manner of security for said debt whatever." The claim was allowed, and was voted by respondent's agent in the election of a trustee which followed. One Henry G. Middaugh, one of respondent's attorneys in the above-mentioned action,. was elected trustee, and shortly thereafter respondent released its attachment on said goods and caused the sheriff to deliver the same to appellant's trustee. The shoes were then restored to appellant's stock and passed into the possession of his trustee, together with a miscellaneous lot of other property. Such attachment was abandoned because it was unenforceable on account of the indefiniteness of the description of goods as claimed exempt. The schedule in bankruptcy did not specify any particular property as exempt, but contained a general claim for $1,000 exemptions from the stock in trade, and the goods attached in this case were not pointed out as part of these exemptions until sometime after the appointment of the trustee.

In due time appellant made application to his trustee to have his exemptions set apart, and furnished therewith a list of all of his property, including the shoes, etc., above mentioned. Pursuant to said application, appraisers were appointed and an appraisement made of all of said property. Thereafter said trustee set apart said shoes, etc., to the appellant as his exemptions, and the goods were delivered to the appellant in the early fall of 1910. After making said selection the trustee filed a report of his proceedings as required by subd. 11, § 47, of the bankruptcy act. Upon the filing of such report, notice to creditors was given and twenty days allowed by rule xvii. in which creditors might take exception to the trustee's action relative to allowing said exemptions. No appearance was made or exceptions taken by the respondent, and said report was approved by the referee, all of said proceedings having been taken and fully completed at least thirty days prior to the commencement of the action thereinafter mentioned.

On January 12, 1911, respondent commenced a second action in the lower court to recover the same debt, and caused a second attachment to be issued. The second attachment was levied upon the same goods, seized under the first writ, and some additional goods, and all of the

same has since been held under said levy by the sheriff of Nelson county.

Appellant thereafter moved the lower court to set aside said second attachment and to direct a return of the goods, which motion was denied. The appeal is from such order.

Nothing has been paid to appellant's creditors, and the assets held by the trustee will probably not yield more than five cents on the dollar. The goods attached were sold by respondent to appellant, and the sum sued for is the purchase price thereof. The sheriff's return on the attachment describes the shoes taken.

*Frich & Kelly*, for appellant.
*Murphy & Duggan*, for respondent.

FISK, J. (after stating the facts as above). A sufficient answer to appellant's first contention is the fact that it is clear, from the record, that the question of the sufficiency of the affidavit for attachment was not raised or passed upon in the court below. Mahon v. Fansett, 17 N. D. 104, 115 N. W. 79.

Appellant's other and chief contention, as we understand it, is in effect that respondent, by its conduct in abandoning its first attachment and consenting that the property be turned over to the trustee in bankruptcy, and by filing its claim in the bankruptcy court as an unsecured creditor; and also by failing to object to the report of the trustee turning the shoes over to the debtor as exempt,—thereby waived its right to thereafter pursue such exempt property by attachment in the state court, and that it is estopped on account of such facts from so doing. Appellant's counsel seem to labor under the belief that, because of these facts, the debtor gains some right in this exempt property which, but for the bankruptcy proceedings, he would not have possessed: *viz.*, the right to own and enjoy the same freed from any claim of the respondent to attach it for the purchase price. In other words, having been set apart to him as exempt by the bankruptcy court, such property is wholly and forever after exempt as against the claims of all creditors whose claims were provable in bankruptcy, even though as to certain of such creditors no exemptions are allowed under the state statute. Counsel attempt to differentiate this case from Powers Dry Goods Co. v. Nelson, 10 N. D. 580, 58 L.R.A. 770, 88 N. W 703, on

the ground that in such case the attaching creditor filed no claim and made no appearance in the bankruptcy court, and that the exempt property which was there attached was never in the possession of the trustee. We are unable to discover how such facts are in any manner controlling. We fail to see how the fact that respondent participated in the proceedings in the bankruptcy court should operate to deprive it of the remedy which it now asserts. The remedies, even if two remedies existed, were not at all inconsistent, as appellant contends. In fact, at the time it filed its claim as a general creditor this remedy did not exist at all, and, of course, it had no means of knowing that the debtor would later on select, and cause to be set apart to him by the bankruptcy court, these shoes as exempt. In other words, it had no choice of remedies at that time. How, then, respondent's acts, as above stated, can operate to create an estoppel in appellant's favor, we are wholly at a loss to comprehend. Surely, appellant was bound to know that, the statute, on exemptions were allowed him as against an attachment for the purchase price, and consequently if he selected property as exempt which he had not paid for, that his creditors might pursue it. The bankruptcy court cannot make property exempt which under the statute is not exempt, nor does it attempt to do so. This is not a case like some of those cited by counsel, where respondent has, by contract or otherwise, expressly waived his remedy of attachment, or by an election of remedies has lost such right.

Appellant cannot assert a waiver or estoppel based on the fact that the first attachment was abandoned, for under the Federal law the adjudication of bankruptcy operated to annul such attachment levy, and respondent did nothing except what the law itself, in effect demanded that he should do. See § 67 f. bankruptcy act. Counsel for appellant are clearly in error in their assumption that respondent, under the first attachment, had a lien which might, except for plaintiff's voluntary acts, have survived the adjudication of bankruptcy. The plaintiff had no lien except by virtue of the levy of its attachment. The Code nowhere gives a special lien to a vendor of chattels who has delivered same to his vendee, except as he may acquire such lien by the levy of an attachment or execution in an action to recover the purchase price. Certain language employed in the opinion in Weil v. Quam, 21 N. D. 344, 131 N. W. 244, might possibly be construed to the contrary, but we there merely

intended to hold that the statute confers a special right to attach or levy upon specific personal property in an action for its purchase price.

We are agreed that the prior decisions of this court, as well as the decisions of other courts hereafter cited, fully sustain the order made by the learned trial court.

See Re Kaeppler, 7 N. D. 435, 75 N. W. 789; Powers Dry Goods Co. v. Nelson, 10 N. D. 580, 58 L.R.A. 770, 88 N. W. 703; Jewett Bros. v. Huffman, 14 N. D. 110, 103 N. W. 408; Re Durham, 104 Fed. 231; Re Little, 110 Fed. 621; Re Hill, 96 Fed. 185; Re Wells, 105 Fed. 762; Re Jackson, 116 Fed. 46; Re Edwards, 156 Fed. 794.

Order affirmed.