ANDERSON, Appellant, v. BILLINGSLY et al, Respondents.

(189 N. W. 986.)

(File No. 5146.   Opinion filed September 29, 1922.)

**Bankruptcy — Garnishment — Lien Invalidated by Adjudication of Bankruptcy, Though Bankrupt Filed Petition for Sole Purpose of Invalidating Lien.**

Where plaintiff, by garnishment proceedings instituted on November 21, secured a lien on money due to defendant, and on the following December 6 defendant was adjudicated a bankrupt, the adjudication invalidated the garnishment lien, under Bankruptcy Act, Sec. 67f (U. S. Comp. St., Sec. 9651), notwithstanding defendant filed his petition in bankruptcy for the sole purpose of avoiding payment to plaintiff.

Appeal from Circuit Court, Beadle County; Hon. Alva E. Taylor, Judge.

Action by O. W. Anderson against S. H. Billingsly, in which the County of Beadle, a public corporation of the State of South Dakota, was garnisheed. From an order dismissing the garnishment proceeding, plaintiff appeals. Affirmed.

*Null & Royhl* and *W. C. Peterson,* all of Huron, for Appellant.

2—Vol. 46, S. D.

*Kelley, Byrnes & Markey,* of Huron, for Respondent Billingsly.

*C. P. Warren,* for Beadle County.

Appellant cited, in addition to decision mentioned · in the opinion: Robinson v. Wilson, 15 Kan. 595, 22 Am. Rep. 272; Thole v. Watson, 6 Mo. App. 591; In re Kaeppler, 7 N. D. 425, 75 N. W. 789.

Respondent cited: Collier on Bkptcy., page 1083; Matter of Beck, D. C. N. J., 38 Am. Br. Court 797; 238 Fed. 653; Metcalf v. Barker, 187 U. S. 165.

POLLEY, J. This action was brought for the recovery of $120 due on a promissory note. Summons and complaint were served on the 21st day of November, 1921. On the same day garnishee summons was served on Beadle county. On the 1st day of December, 1921, defendant served on the plaintiff and the garnishee defendant, and on the sheriff of Beadle county, a claim of exemptions, in which he scheduled the sum of $207.50 due him from Beadle county as all of his personal property, and demanded that the same be forthwith released. On December 27, 1921, the garnishee defendant Beadle county made disclosure, showing $207.50 due to defendant. The defendant did not answer, and on the said 27th day of December judgment was entered against him by default.

On the 6th day of December, 1921, defendant was adjudicated a bankrupt in the federal court. On the 28th day of January, 1922, the referee in bankruptcy entered an order setting aside as exempt the said sum of $207.50 due defendant from Beadle county. On December 27th plaintiff applied for an order dismissing defendant's claim of exemptions. This application was denied, and on the 3d day of May, 1922, the circuit court made an order dismissing the garnishee summons against Beadle county and ordered the said garnishee to release and turn over to defendant the said sum of $207.50. From this order plaintiff appeals to this court.

It is contended by appellant that by the service of the garnishee summons on Beadle county he acquired a lien on the sum of money shown by the disclosure to be due from the county to respondent; that respondent's claim of exemptions was not made within the 5-day period after the service of the garnishee sum-

mons, as provided by the terms of section 2467, Code 1919. It is not necessary for us to decide—and we do not decide—either of these questions, but for the purposes of this case we shall assume that appellant is right on both propositions. The situation then is that on the 6th day of December—the date of the adjudication in bankruptcy—appellant had a valid, subsisting lien on $207.50 in the possession of Beadle county, and that no sufficient claim of exemption had been made. Section 67f of the Bankruptcy Act (U. S. Comp. St. § 9651) provides:

"That all levies, judgments, attachments, or other liens, obtained through legal proceedings against a person who is insolvent, at any time within four months prior to the filing of a petition in bankruptcy against him, shall be deemed null and void in case he is adjudged a bankrupt, and the property affected by the levy, judgment, attachment, or other lien shall be deemed wholly discharged and released from the same, and shall pass to the trustee as a part of the estate of the bankrupt, unless the court shall, on due notice, order that the right under such levy, judgment, attachment, or other lien shall be preserved for the benefit of the estate, and thereupon the same may pass to and shall be preserved by the trustee for the benefit of the estate as aforesaid. And the court may order such conveyance as shall be necessary to carry the purposes of this section into effect."

The meaning of this section is that the adjudication in bankruptcy rendered appellant's lien "null and void," and the $207.50 due respondent from Beadle county became "wholly discharged and released" from the lien created by the garnishee proceedings. We have carfully examined the case of Powers Dry Goods Co. v. Nelson, 10 N. D. 580, 88 N. W. 703, 58 L. R. A. 770, decided by the Supreme Court of North Dakota, and Bank v. Elliott, 109 Wis. 648, 85 N. W. 417, decided by the Supreme Court of Wisconsin, cited with so much confidence by appellant, but we fail to find anything in either of these cases decisive of the case in hand. In the North Dakota case the levy of the attachment under which the plaintiff claimed his lien was made after the adjudication in bankruptcy, and therefore was not an "attachement * * * obtained through legal proceedings * * * within four months prior to the filing of a petition in bankruptcy." Nor do we find anything in the Wisconsin case that would take the lien involved in

this case out of the provisions of section 67f that render the lien created by the garnishee proceedings in this case null and void. If the lien was "null and void," then it ceased to exist upon the adjudication in bankruptcy, and was no longer the basis of any right whatever. The meaning of section 67f is clear, and that the facts in this case bring it within the meaning of said section is equally clear, and no amount of reasoning—or sophistry either —will take it out. It is very clear that respondent filed his petition in bankruptcy for the sole purpose of avoiding payment of the money due appellant on his promissory note, but under the federal Constitution the Bankruptcy Law is supreme, and where it applies must be given effect according to its terms.

The order appealed from is affirmed.

GATES, P. J., not sitting.

Note—Reported in 189 N. W. 986. See American-Key-Numbered Digest, Bankruptcy, Key-No. 200(3), 7. C. J. Sec. 290; 3 R. C. L. 293.

On validity of an attachment levied pending bankruptcy proceedings, see note 58 L. R. A. 770.